[No. 18109. Department Two. March 20, 1924.]

### G. W. BENSON, *Respondent*, v. ED ANDERSON, *Appellant.*[1]

HIGHWAYS (52, 57)—AUTOMOBILES—NEGLIGENT USE—EVIDENCE—SUFFICIENCY. Negligence of the driver of an automobile on a bridge in striking a man pushing a bicycle going in the same direction, is a question for the jury, where the bridge was well lighted so that an object of the size of a man could be seen for considerable distance ahead.

SAME (52, 57)—CONTRIBUTORY NEGLIGENCE—VIOLATION OF STATUTE—EVIDENCE—SUFFICIENCY. It is negligence for a pedestrian pushing a bicycle over a bridge in the space for vehicles, to travel on the right side of the road in violation of Rem. Comp. Stat., § 6340, requiring pedestrians to travel on the left side of the road at night.

SAME (52, 57). A pedestrian pushing a bicycle across a bridge on the right-hand side of the road in violation of the rule relating to pedestrians cannot escape the charge of negligence on the theory that the bicycle was a vehicle entitling him to travel on the right-hand side of the road, where the bicycle did not carry a light in compliance with Rem. Comp. Stat., § 6334.

SAME (52)—NEGLIGENCE—VIOLATION OF STATUTE—EFFECT OF CITY ORDINANCE. Upon an issue as to the negligence of a pedestrian pushing a bicycle over that portion of the bridge reserved for vehicles, a city ordinance prohibiting persons from riding a bicycle on that portion of the bridge reserved for pedestrians is properly excluded as having no application to the case.

PEMBERTON, J., dissents.

Appeal from a judgment of the superior court for Asotin county, Miller, J., entered April 10, 1923, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile. Reversed.

[1]Reported in 223 Pac. 1063.

*C. H. Baldwin,* for appellant.

*E. J. Doyle* and *Fred E. Butler,* for respondent.

FULLERTON, J. — The respondent, Benson, while crossing the interstate bridge extending over the Snake river between the city of Lewiston, Idaho, and the city of Clarkston, Washington, was injured by an automobile driven by the appellant, Anderson. In the action from which this appeal is prosecuted, there was a verdict of the jury in his favor and a judgment upon the verdict.

The bridge mentioned is some fifteen hundred feet in length and some twenty-eight or thirty feet in width. It is divided into two passageways by a railing extending the full length of the bridge, one of which ways is reserved for vehicles of all kinds, and the other for footmen. The bridge as constructed is higher in the center than it is at either end. The respondent, just prior to his injury, started across the bridge from the Idaho side, riding a bicycle. He rode the bicycle, according to his statement, part way up its ascent, when, as it "got to pulling too hard," he dismounted and proceeded to walk the remainder of the way, walking at the side of his bicycle and pushing it. After dismounting, he crossed over to the right side of the bridge and proceeded on that side past the center of the bridge and part way down the descent on the Washington side, when, as before stated, he was struck by an automobile overtaking him, driven by the appellant.

The assignments of error, discussed by the appellant in his brief, question (1) the rulings of the court denying his motion for a non-suit made at the conclusion of the plaintiff's evidence; (2) the refusal of the court to sustain his challenge to the sufficiency of the evidence made at the close of the evidence; and (3) its

refusal to sustain his motion for judgment notwithstanding the verdict.

The first of the assignments needs no extended discussion. While the time of the accident was between the hours of eight and nine o'clock at night, the bridge was fairly well lighted with artificial lights, so that an object of the size of a man could be seen for a considerable distance ahead, and it was a just inference for the jury to draw that, had the appellant exercised the usual and ordinary vigilance, he could have discovered the presence of the respondent in his path in time to avoid him. It is true there were a number of automobiles on the side of the bridge going in the opposite direction, and that the lights from these made it difficult to observe objects in front of the appellant. But this only called for a greater care on his part; it did not warrant him in proceeding in a way dangerous to others rightfully upon the highway, although not warranting a finding that his conduct was a wanton disregard of the rights of such others. There was, therefore, in our opinion, sufficient evidence upon which the jury could find that the appellant was negligent.

But we think the remaining assignments are better founded. The legislature has enacted certain "rules of the road" for the government of the conduct of persons using the highways of the state, and has declared that it shall be the duty of every person to observe them. (Laws of 1921, p. 272, ch. 96, § 28; Rem. Comp. Stat., § 6340) [P. C. § 222]. Subdivision 7 of these rules reads as follows:

"Pedestrians on the public highways between the period from one-half hour after sunset to one-half hour before sunrise shall travel on and along the left side of said highway, and the pedestrians upon meeting an

oncoming vehicle shall step off the traveled portion of the highway.''

In *Johnson v. Heitman,* 88 Wash. 595, 153 Pac. 331, we said that this court ''is definitely committed to the rule that 'a thing which is done in violation of a positive law is in itself negligence,' in the absence of pleading or proof of such peculiar facts as would tend to justify the violation.'' A number of cases are cited in the opinion to sustain the proposition, and we have in the following subsequent cases reaffirmed it: *Sundstrom v. Puget Sound Tr., L. & P. Co.,* 90 Wash. 640, 156 Pac. 828; *Ebling v. Nielsen,* 109 Wash. 355, 186 Pac. 887; *Twedt v. Seattle Taxicab Co.,* 121 Wash. 562, 210 Pac. 20.

The statutory enactments regulating traffic upon the public highways are made to be obeyed. They are the outgrowth of necessity. On the observance of them depends the safety of the users of such highways. Failure to obey them not only endangers the safety of the person guilty of the disobedience, but it endangers the safety of others using them in a lawful manner. Courts, therefore, should not look lightly upon infractions of these regulations. One injured while in the act of disobedience of them should be compelled to show with clearness that his act in no way contributed to his injury.

It is plain that the respondent, at the time of his injury, was in the act of violating the statute. He was traveling on the public highway as a pedestrian, between the period from one-half hour after sunset and one-half hour before sunrise, on the right side of the highway, when the statute distinctly commands that, during that period, he must travel on the left side. Being guilty of violating the statute, his conduct was, under the rule cited, negligent in itself. He cannot,

therefore, recover for the injury he suffered while so violating the statute, in the absence of proof showing that his act did not contribute to his injury. Of this there is nothing in the record. It is argued that he was rightfully at this place on the highway because he was transporting his bicycle across the bridge, but it would seem clear that he was just as much a pedestrian while walking and pushing a bicycle as he would be when walking while free from encumbrances of any sort. If, however, it could be said that the bicycle was such a vehicle as justified him in walking and pushing it on that side of the highway, he is met with another provision of the statute equally fatal to a claim of right. He did not have upon it the light the law requires for a vehicle of that sort. Rem. Comp. Stat., § 6334 [P. C. § 216].

But it is said that the state highway laws have no application to traffic over this particular bridge because traffic thereon is regulated by the ordinances of the city of Clarkston. But that the bridge, in so far as it extends into the state of Washington, is a public highway of the state, the evidence does not admit of question. Waiving then the question whether the municipality named can enact ordinances annuling or contradictory of the state laws governing traffic on the public highways, there is nothing in the present record showing that it has done so. There was an ordinance offered in evidence, but the trial court declined to admit it on the ground of immateriality. The ordinance, however, even had it been admitted, would have thrown no light on the particular question. It was simply an ordinance providing that "no person shall ride a bicycle or other motor vehicle on that portion of the bridge extending south of the main bridge and reserved exclusively for pedestrians." It contained no

reference to the traffic on that part of the bridge reserved for the use of vehicles.

The conclusion follows that, under any view of the evidence, the respondent was guilty of contributory negligence of such a nature as to bar a recovery. The judgment is, therefore, reversed with instructions to enter a judgment to the effect that he take nothing by his action.

MAIN, C. J., MITCHELL, and BRIDGES, JJ., concur.

PEMBERTON, J., dissents.