[No. 18900.   Department One.   April 13, 1925.]

LINVILLE BROTHERS, *Appellant,* v. AUGUST BLIESNER
*et al., Respondents.*[1]

HIGHWAYS (52)—USE—AUTOMOBILES—CONTRIBUTORY NEGLIGENCE.
The driver of an automobile was guilty of contributory negligence
where he approached a curve without a clear view for 300 yards,
and passing a team and binder going in the same direction, which
occupied ten feet of a twenty-two foot highway, he felt his wheels
strike loose gravel and stepped on the accelerator to get more
traction, but owing to the speed was unable to control it and keep
it from going into the ditch; in view of Rem. Comp. Stat., § 6340,
requiring him in such case to approach a curve holding the car
"under control."

Appeal from a judgment of the superior court for
Spokane county, Lindsley, J., entered March 14, 1924,
upon findings in favor of the defendants, in an action
in tort, tried to the court.   Affirmed.

*Tustin & Chandler,* for appellant.

*Garrecht & Twohy,* for respondent.

MAIN, J.—The purpose of this action was to recover
damages to an automobile claimed to have been caused
by the negligence of the defendant August Bliesner,
who will hereinafter be referred to as though the only
party defendant.   The cause was tried to the court
without a jury, and resulted in findings of fact, con-
clusions of law and a judgment denying recovery for
the reason that the driver of the plaintiff's car, at the
time of the accident, was guilty of contributory negli-
gence.   From the judgment of dismissal, the plaintiff
appeals.

The facts are not in serious dispute, except upon two
or three matters, and may be summarized as follows:
On October 27, 1923, the respondent was driving a
team of horses which was hauling a binder, plow and

[1]Reported in 234 Pac. 1019.

buggy along the highway between Plaza and Spangle, in this state. As he approached the foot of a hill on the road at about 6:10 p. m., an automobile approached him from behind and he stopped his team in order that it might pass with greater safety. The outfit of the respondent was stopped just beyond a curve in the road. The road at this point was about twenty-two feet wide, and the binder occupied about ten feet of it and was stopped at the extreme right side. The automobile, which was approaching from the rear, driven by an employee of the appellant, passed the respondent's outfit at a speed of approximately thirty miles an hour and safely passed on the left-hand side of the road. It proceeded some distance down the road, and owing to the speed at which the car was traveling, the driver, in attempting to bring it back on the road, lost control of it and it ran into the ditch on the right-hand side. The car was seriously damaged. The facts as stated are substantially those found by the trial court.

The evidence as to how far in front of the outfit the automobile went into the ditch is in dispute. The driver of the car testified that it was eighteen or twenty feet, and the respondent that it was approximately one hundred and fifty feet. The evidence is in dispute as to the speed of the car as it rounded the curve, the driver testifying that he was going twenty-five miles an hour, and the appellant that he was going approximately forty.

The respondent was negligent, as he had no light upon any part of the outfit which he was hauling, and § 6334, Rem. Comp. Stat. [P. C. § 216], required him to "display on the left side of said vehicle a white light which must be visible from the front and rear for a distance of not less than two hundred (200) feet in either direction." The question then arises whether the

driver of the appellant's car was guilty of contributory negligence. The statute, subd. 8 of § 6340, Rem. Comp. Stat. [P. C. § 222], provides:

"It shall be the duty of every persons operating or driving any motor or other vehicle, . . . along or over any public highway when approaching any curve of such highway where for any reason a clear view for a distance of three hundred yards cannot be had, to hold such vehicle under control . . ."

As the automobile went around the outfit, the left wheels were in what is said to be the loose gravel, on the left-hand side of the road. The binder occupied the east ten feet of the traveled portion of the road, and there was at least a space on the left of ten or twelve feet over which the car could pass. The driver of the car stated that, when he sensed the wheels in the gravel, "I stepped on it to give me more traction to straighten it out." The trial court, in an oral decision from the bench at the conclusion of the trial, among other things, stated, having in mind the statute above quoted:

"It is perfectly apparent to the court that the driver of this car approached that curve without any regard to any caution which might be imposed upon him by the law with respect to other vehicles on the other side of the curve."

The appellant argues that, since this was a flat country and if it had been daylight the binder, etc., could have been seen notwithstanding the curve, the statute does not apply. With this view we are not in accord. The statute makes it the duty of the driver of an automobile, when approaching a curve where "for any reason a clear view for a distance of three hundred yards cannot be had," to keep the vehicle under control. As the driver of the appellant's car approached the curve, he did not have a "a clear view for a distance of three hundred yards." While the lights on the car were

burning, they would not show an object in front, because in rounding the curve the rays would fall across the road and beyond. Even though there was no embankment or timber which operated as an obstruction to view at this point the view was, nevertheless, owing to the darkness, effectively obstructed. It seems reasonably clear that, if the automobile had been driven, as it came around the curve, so that it was under proper control, there would have been no occasion for the accident. The case of *Pannell v. Allen,* 160 Mo. App. 714, 142 S. W. 482, decided by the Missouri court of appeals, was based upon a statue which was materially different from that of this state. The driver of the appellant's car, in approaching the curve at such a rate of speed that he did not have the car under control, was guilty of contributory negligence, and this prevents a recovery.

The judgment will be affirmed.

TOLMAN, C. J., BRIDGES, PARKER, and ASKREN, JJ., concur.