[No. 21581. Department One. July 29, 1929.]

J. B. KELLER, *Appellant,* v. C. G. BRENEMAN, *Respondent.*[1]

*W. W. Banks* and *Miller, Wilkinson & Miller (John Wilkinson,* of counsel), for appellant.

*Shank, Belt & Fairbrook* and *Atwell & Moore,* for respondent.

FULLERTON, J.—The appellant, Keller, sued the respondent, Breneman, to recover for personal injuries.

[1]Reported in 279 Pac. 588.

The action was tried before the court sitting with a jury, and a substantial verdict was returned in favor of the appellant. A motion for judgment notwithstanding the verdict was interposed by the respondent, which motion the court granted and entered a judgment dismissing the action.

The appellant formerly resided at Ryderwood, in this state. He moved from that place to the city of Portland, in the state of Oregon, and, desiring to move his household furniture from Ryderwood to Portland, procured a motor truck at Portland for that purpose, and employed one Ryherd to drive it. The parties proceeded from Portland to Ryderwood, loaded the furniture onto the truck and started on their return journey, traveling south on the Pacific highway. At a place some distance north of La Center, Washington, the highway passes over a somewhat steep grade, with a sharp turn to the right. As the truck started to ascend the grade, it stalled, having exhausted its supply of gasoline. The appellant got out of the truck, and, seeing a car approaching towards the rear of the truck, walked down towards it to stop it for the purpose of obtaining a sufficient supply of gasoline to take them on to La Center. Failing in his purpose, he turned and walked along the highway in the other direction, traveling near its center. As he reached a place some twenty feet beyond the front of the truck, the respondent came over the top of the grade in an automobile, driving it on what was to the respondent the right-hand side of the highway. As the respondent approached somewhat near the appellant, he swerved his car towards the left, struck the appellant and knocked him down, and instantly thereafter collided with the truck.

There is a dispute in the evidence as to the conditions surrounding the parties and as to their situations at

the time of the accident. It is conceded that it was dark at the time and that a drizzling rain was falling. The appellant and his driver also testified that, when the truck ceased to go forward, it immediately began backing down the grade, and was stopped after it had gone about six feet; that it was then somewhat angling across the roadway, with its back left side corner protruding some two or three feet over the center of the highway. They further testified that the lights of the truck shone along the highway after it stopped, and that the appellant, as he walked forward, was at all times within the glow of the lights. The appellant also testified that the respondent was traveling in excess of the speed limit as he came over the top of the grade —that is, at a speed in excess of forty miles per hour.

The testimony of the respondent, on the other hand, was that he was traveling at a speed not to exceed thirty miles per hour when he came over the top of the grade; that, because of the curve in the highway, the lights of his car did not light up the road in front of him, and that he guided it by a spotlight which was so placed as to light up the outer edge of the paving; that he did not see the truck until it came within the glow of his spotlight, and that it appeared to block the way in his front; that it was then too late to stop his car, although he made an effort so to do, and turned to the left in an endeavor to pass between the truck and his left side of the highway. He further testified that the lights of the truck did not light up the highway to its front, but shone on the bank of the highway to its right, and were not visible to him more than as a dim glow when he entered upon the curve. He testified also that he did not see the appellant until after the accident.

It is contended that there is no showing of negligence on the part of the respondent. But with

this view of the record, we cannot agree. The conclusion might follow, were we to take the view of the situation his own evidence indicated it to be, but there was another and contrary view which indicated negligence, and it was for the jury to say which of the discordant views was to be taken as true.

■ The trial court granted the motion of the respondent on the ground that the conceded facts conclusively showed that the appellant was himself guilty of negligence that contributed to his injury, and that such negligence barred his right of recovery against the respondent, even conceding that the respondent was also negligent. With this conclusion, we are constrained to agree. In our opinion, the appellant was guilty of negligence in at least three particulars. It will be remembered that the appellant himself procured the motor truck, hired the driver, and used it for his own purposes. He was thus responsible for its condition, and for the manner in which it was operated. His first act of negligence was in operating it over the highway in a condition to become stalled for want of a sufficient supply of gasoline. It is not meant to be said, of course, that the stalling of an automobile on the highway for every cause is evidence of negligence on the part of its operator. A motor vehicle is a complicated piece of mechanism, and some part of it may give way and cause it to stall, no matter what degree of care the operator may have exercised to keep it in proper condition. But the operator must exercise a reasonable degree of care to keep it in proper condition, and it is a want of such care to permit it to stall for want of a sufficient supply of gasoline.

■ The second act of negligence was in leaving the truck in the situation it was left in, after it stalled on the highway. By the statute (Rem. Comp. Stat., § 6347), it is made unlawful for any person to leave

any vehicle standing upon the main traveled portion of any highway in this state outside of any incorporated city or town, the only exception being when the vehicle is "so disabled as to prohibit the moving of the same." The truck, at the time it was stalled, was not so disabled. It was incapable of being moved forward without the use of power, but there was nothing to prevent the driver from drifting it backward down the grade. It may be that the shoulder of the highway at that place was not of sufficient width to admit of moving the truck entirely off the main traveled part of the highway, but the shoulder was five feet in width and manifestly it could have been moved off for its greater part. It was the duty of the appellant to comply with the requirements of the statute as near as he could (*Colvin v. Auto Interurban Co.,* 132 Wash. 591, 232 Pac. 365), and to leave it in a position angling with the highway, so as to block more than half its width, was an act of negligence.

Again, when the appellant left the truck to go upon his errand, he became a pedestrian, subject to the statutes applicable to pedestrians traveling on the public highways. The statute applicable to the situation (Rem. Comp. Stat., § 6340, subd. 7) provides that pedestrians on the public highways between the period from one-half hour after sunset to one-half hour before sunrise shall travel on and along the left side of the highway, and shall, upon meeting oncoming vehicles, step off the traveled portion of the highway. The appellant gave no heed to this statute. The time was within the hours the statute required him to walk on the side of the highway, yet he walked in its center, a position hazardous because of the curve in the highway and the extensive traffic over it in the light of the day, but much more so in the darkness of the night,

even though he may have been within the glow of the light of his truck.

In this state, whatever may be the rule elsewhere, it is negligence in itself to violate a positive rule of the statute; *Engelker v. Seattle Electric Co.,* 50 Wash. 196, 96 Pac. 1039; *Johnson v. Heitman,* 88 Wash. 595, 153 Pac. 331; *Sundstrom v. Puget Sound Tr., L. & P. Co.,* 90 Wash. 640, 156 Pac. 828; *Crowl v. West Coast Steel Co.,* 109 Wash. 426, 186 Pac. 866; *Twedt v. Seattle Taxicab Co.,* 121 Wash. 562, 210 Pac. 20; *Benson v. Anderson,* 129 Wash. 19, 223 Pac. 1063.

It is true that negligence on the part of an injured person is not a bar to a recovery against a person injuring him unless his negligence in some degree contributed to the injury, but in this instance we think it would be too much to permit the jury to say that the appellant's negligent acts in the particulars mentioned did not so contribute.

The judgment is affirmed.

MITCHELL, C. J., TOLMAN, HOLCOMB, and BEALS, JJ., concur.