[No. 23309. Department One. December 8, 1931.]

J. D. WALTERS *et al., Respondents,* v. A. P. KNOX *et al., Appellants.*[1]

*Reynolds, Ballinger, Hutson & Boldt,* for appellants.
*Pearson & Potts,* for respondent.

MITCHELL, J.—This is a personal injury action growing out of a collision of automobiles belonging to the parties to the action. Plaintiffs sued to recover for injuries to Mrs. Walters and damages to their automobile. The issues were negligence and contributory negligence. There was a verdict and judgment for the plaintiffs. The defendants have appealed.

The accident occurred on a highway called the Holman road around a decided curve from its intersection with the Pacific highway, north of Seattle, on a dark night, June 22. Appellant, A. P. Knox, drove his car south along the Pacific highway, thence to the right around the curve into the Holman road, and upon getting well around and into that road, his car "went

dead," as he expressed it. It stopped, according to the evidence on behalf of the respondents, on the right-hand side of the Holman road, all four wheels on the pavement, having no rear red light nor other warning signal, temporary or otherwise, on or about it at the time of the accident. Respondents' car, driven by Mr. Walters, traveled south along the Pacific highway, thence around the curve into the Holman road, and ran into the rear of appellants' car, causing the injuries and damages for which the suit was brought.

Our views of the case make it unnecessary to discuss any assignment of error other than the denial of a motion for a nonsuit, a motion for a directed verdict for the appellants, and one for judgment in their favor notwithstanding the verdict, each of which was made at an appropriate time; the testimony being at all times essentially the same for the purposes of the respective motions. In the consideration of these assignments, we accept the evidence most favorable to the respondents, though in some essential particulars it was contradicted by witnesses on behalf of the appellants. Further, in deciding the case, it is assumed that the appellants were negligent, as testified to by witnesses on behalf of the respondents.

■ Session Laws of 1927, chap. 309, p. 803, subd. 7 of § 41 (Rem. 1927 Sup., § 6362-41, subd. 7), provides as follows:

"It shall be the duty of every person operating or driving any motor or other vehicle, or riding or driving any animal along or over any public highway when approaching any curve of such highway where for any reason a clear view for a distance of three hundred feet cannot be had, to hold such vehicle under control and to give signals with frequent blasts or strokes of a horn or other signaling device, and to keep to the extreme inside of all curves to the right and to the extreme outside of all curves to the left."

Laws of 1927, chap. 309, p. 771, par. 3 of subd. b of § 3 (Rem. 1927 Sup., § 6362-3, par. 3 of subd. b), upon the subject of speed limit applicable here, provides as follows:

"Fifteen miles an hour in traversing or going around curves or corners of a highway when the driver's view is obstructed within a distance of two hundred feet along such highway in the direction in which he is proceeding."

Under these statutes and the evidence in the case, additional portions of which evidence will be later mentioned, it is our opinion that each of appellants' motions, one for a nonsuit and the other for a directed verdict, should have been granted, because of the contributory negligence as claimed in the motions against the respondents. Further, the court's instructions included, among other things, the statutory provisions above set out and appropriate instructions upon the subject and effect of contributory negligence that materially and proximately contributed to cause the injuries complained of, and, in our opinion, the appellants' motion for a judgment notwithstanding the verdict should have been granted because of contributory negligence on the part of the respondents.

The additional evidence already referred to consisted of the account given by Mr. Walters of his own conduct on the occasion of the accident. He testified that he drove south along the Pacific highway thirty miles an hour, and slowed down to twenty-five miles an hour in approaching and running around the curve or corner of the Holman road until he collided with appellants' automobile. In addition to its being a dark night, he was going around a decided curve, with reference to which he testified as follows:

"A. You couldn't see around the curve at all. Q. You could not at all? A. No, sir. Q. It was absolutely obstructed? A. Yes."

The case is similar in many respects to the case of *Linville Brothers v. Bliesner*, 133 Wash. 677, 234 Pac. 1019, and although that case was not tried to a jury, the discussion therein of the statutes is applicable to the present case. In that case, the plaintiffs alleged that damage to their automobile was caused by the negligence of the defendant in stopping his team of horses, which was hauling a binder, etc., just beyond a curve in the road, on the right-hand side. Conflicting evidence put the speed of the car as it rounded the curve at twenty-five to forty miles an hour. Recovery was not allowed because of the violation of the statute which at that time required one to hold his vehicle under control approaching any curve where, for any reason, a clear view for a distance of three hundred yards ahead could not be had, the statute on that subject being the same as it is at this time, except then it was "a clear view for a distance of three hundred yards," and now it is that many "feet" instead of yards. In the opinion in that case, it was said:

"The appellant argues that, since this was a flat country and if it had been daylight the binder, etc., could have been seen notwithstanding the curve, the statute does not apply. With this view we are not in accord. The statute makes it the duty of the driver of an automobile, when approaching a curve where 'for any reason a clear view for a distance of three hundred yards cannot be had,' to keep the vehicle under control. As the driver of the appellant's car approached the curve, he did not have 'a clear view for a distance of three hundred yards.' While the lights on the car were burning, they would not show an object in front, because in rounding the curve the rays would fall across the road and beyond. Even though there was no embankment or timber which

operated as an obstruction to view at this point the view was, nevertheless, owing to the darkness, effectively obstructed.''

In this respect, in the present case, respondent testified that he actually saw appellants' car ten or fifteen feet away, and admitted that driving fifteen miles an hour he could stop his car in about fifteen feet. Still further, respondent testified that he was driving twenty-five miles an hour at that time, thus violating the statute fixing the speed limit of fifteen miles an hour going around curves or corners of a highway when the driver's view is obstructed two hundred feet along the highway in the direction in which he is proceeding.

These statutes are plain, and there can be no question whatever that the driver of respondents' car violated both of them from the time he started around the curve into the Holman road until the collision occurred, and that in doing so was guilty of negligence as a matter of law. Nor can there be, in our opinion, any reasonable doubt that such negligence substantially contributed to the injuries and damages suffered, and that it must be so held as a matter of law, barring the respondents of any right of recovery.

Reversed, with directions to grant appellants' motion for judgment notwithstanding the verdict.

TOLMAN, C. J., PARKER, HERMAN, and BEELER, JJ., concur.