[No. 27904. Department One. July 19, 1940.]

JOHN FLAUMER, *Respondent*, v. HENRY SAMUELS *et al.*, *Appellants.*[1]

*Ballinger, Hutson & Boldt,* for appellants.

*Caldwell, Lycette & Diamond,* for respondent.

SIMPSON, J.—Plaintiff instituted this action to recover damages for personal injuries occasioned in an automobile accident.

In his complaint, plaintiff alleges that, as he was pulling a small cart loaded with gravel in a southerly direction along the left side of the westerly half of

[1]Reported in 104 P. (2d) 484.

Fourth avenue south in the city of Seattle, his cart was struck by an automobile driven by Henry Samuels, Jr., causing serious injuries to plaintiff.

Charges of negligence are that the defendant was driving at an unlawful, excessive, and negligent rate of speed in excess of thirty miles per hour, in utter disregard of the rights and lives of others; that defendant failed to keep his automobile under control, failed to keep a proper or any outlook for others, or give due regard to the use of the highway by others; that defendant failed to use any reasonable precaution to avoid an accident; and failed to have proper headlights on the automobile.

Defendants denied the material allegations of the complaint relative to the negligence of the driver of the car and the injuries to plaintiff. For an affirmative answer, defendants alleged that the contributory negligence of plaintiff was the proximate cause of his injuries.

The case, tried to a jury, resulted in a verdict in favor of plaintiff. Motions for dismissal at the close of plaintiff's case, for a directed verdict, for judgment notwithstanding the verdict, and for a new trial, were denied. Judgment was entered upon the verdict. Defendants appeal.

The errors urged are (1) in overruling and denying appellants' challenge to the sufficiency of respondent's evidence; (2) in overruling and denying appellants' motion for a directed verdict; and (3) in overruling and denying appellants' motion for judgment notwithstanding the verdict.

The facts relative to the accident may be summarized as follows: Fourth avenue south is an arterial highway extending in a southerly direction from the railroad depots in Seattle through an industrial area to the Pacific highway. At the time of the accident, there

were two one-way strips of pavement, each having space for three lanes of traffic. The strips of pavement were separated by an unpaved gravel-covered center area of about the same width as one of the traffic lanes. The street was lighted by single light bulbs hanging over the center area, approximately one hundred feet apart. The bulbs did not throw much light upon the street. The accident occurred at approximately 5:45 p. m., Sunday, November 13, 1938, at a point about one block north of an intersecting street named Holgate. The evening was dark and the pavement dry.

Respondent owned a small cart, which he used for the purpose of hauling small articles. He described it as follows:

"The push cart something like four feet wide, and about four feet and a half long, and had a couple of handles on it to pull—like a horse, you know—and about three feet high was my push cart ·from the ground. . . . There is an axle like a trailer across, you know, like a Ford trailer. I had fine wheels on it, and fixed it up myself, the body."

Respondent had screwed to the back of his cart a red glass, or reflector, which had been taken from an automobile. He described the color of his cart as "kind of whiteboards." He wore gray clothing.

On the evening of the accident, respondent took his cart to a place somewhere north of the place where he was injured, loaded it with gravel, and started south toward his home. According to his testimony, respondent traveled on the extreme left side of the westerly portion of the pavement, having one wheel of the cart upon the pavement and the other upon the gravel in the central area. Respondent walked upon the pavement.

At the time of the. accident, appellant Henry Sam-

uels, Jr., in a car owned by himself but used for himself and his father and mother, was driving, together with a friend, in a southerly direction on the southbound, or westerly, portion of the highway. He was driving in the center traffic lane at a speed of about thirty or thirty-five miles per hour. He pulled to his left to pass a slower moving vehicle. Just after having done so he was immediately confronted with the cart being pulled by respondent. Appellant driver applied his brakes and attempted to turn to the right, but was unable to miss respondent's cart. The left front fender of the car collided with the right rear corner of the cart, dumping the gravel on the pavement and throwing the cart forward against respondent. The gravel was scattered a considerable distance along the paved portion of the highway. Respondent suffered severe injuries.

We find it necessary to discuss but one proposition presented, that of contributory negligence. In doing so, we are mindful of the rule that the evidence must be considered most favorable to respondent, and that the question of contributory negligence was for the jury unless we can say that respondent was guilty of contributory negligence as a matter of law.

Much argument has been presented relative to the question as to whether respondent was a pedestrian or whether he was operating a vehicle.

Appellants contend, first, that respondent was a pedestrian and, as such, was violating the rule in not traveling upon the extreme left-hand side of Fourth avenue facing oncoming traffic; and, second, that, if it be held that respondent was operating a vehicle, he was negligent in not traveling on the right of the center of the westerly portion of the highway and in not having a red light upon the rear of his cart.

■ Rem. Rev. Stat., Vol. 7A, § 6360-1 [P. C. § 2696-

767.] (ll), defines a pedestrian as "any person afoot." The same section, (mmm), defines a vehicle as:

"Every device capable of being moved upon a public highway and in, upon or by which any person or property is or may be transported or drawn upon a public highway, excepting devices moved by human or animal power or used exclusively upon stationary rails or tracks."

Respondent was in a condition similar to that of plaintiff in *Benson v. Anderson,* 129 Wash. 19, 223 Pac. 1063, in which we stated:

"It is plain that the respondent, at the time of his injury, was in the act of violating the statute. He was traveling on the public highway as a pedestrian, between the period from one-half hour after sunset and one-half hour before sunrise, on the right side of the highway, when the statute distinctly commands that, during that period, he must travel on the left side. Being guilty of violating the statute, his conduct was, under the rule cited, negligent in itself. He cannot, therefore, recover for the injury he suffered while so violating the statute, in the absence of proof showing that his act did not contribute to his injury. Of this there is nothing in the record. It is argued that he was rightfully at this place on the highway because he was transporting his bicycle across the bridge, but it would seem clear that he was just as much a pedestrian while walking and pushing a bicycle as he would be when walking while free from encumbrances of any sort."

Respondent contends that he was not a pedestrian, and cites in support thereof *Fabbio v. Diesel Oil Sales Co.,* 1 Wn. (2d) 234, 95 P. (2d) 788. However, an examination of that case does not disclose, as argued by respondent, that we held the sled, upon which the injured boy was riding at the time of the collision, was a vehicle. The question decided related to an instruction given by the trial court. The point can best be set at rest by the following quotation from that opinion:

"Appellants, however, urge that, in view of one of the court's instructions, the issue of contributory negligence must be determined as a matter of law. The court, in contemplation of Rem. Rev. Stat., § 6362-2 [P. C. § 196-2], Laws of 1929, chapter 180, p. 455, § 1 (a), held the sled to be a *vehicle;* and that, as such, it was required to carry lights as prescribed by the motor vehicle act. Since the sled, a small flexible flyer, carried no lights, appellants argue that the boy must be held guilty of contributory negligence as a matter of law. Respondents challenge the correctness of this instruction. The appellants contend that the instruction is a correct statement of the law under the holding of this court in *Long v. Hicks,* 173 Wash. 17, 21 P. (2d) 281.

"Whether the instruction was correct, in view of that authority, we shall not determine here. For, assuming it to be correct, still, under the dispute in the evidence as to the point of collision, it was for the jury to say whether the contributory negligence on the part of the boy in failing to have his sled equipped with lights was a proximate cause of his death."

It seems clear to us that respondent was a pedestrian within the meaning of the definition contained in the statute. He was "afoot," walking upon the pavement. He was a pedestrian in charge of and pulling his cart, a conveyance not regulated by statute. The fact that he had his cart behind him did not give him any additional rights.

Was respondent, a pedestrian, guilty of contributory negligence?

Rem. Rev. Stat., Vol. 7A, § 6360-101 [P. C. § 2696-859], defines the duties of a pedestrian upon our highways in the following language:

"Pedestrians on any public highway where a sidewalk is provided shall proceed upon such sidewalk. Pedestrians on any public highway where no sidewalk is provided shall proceed on the extreme left-hand side of the roadway and upon meeting an oncoming vehicle shall step to their left and clear of the roadway."

This section of the statute, in so far as the obligations imposed upon a pedestrian relative to where he shall walk and what he shall do when an automobile approaches, is not, when applied to the factual situation present in the instant case, different from the prior statute, Laws of 1921, chapter 96, p. 272, § 28.

In determining a pedestrian's duty and liability under the provisions of that act, this court stated in *Benson v. Anderson, supra:*

"The legislature has enacted certain 'rules of the road' for the government of the conduct of persons using the highways of the state, and has declared that it shall be the duty of every person to observe them. (Laws of 1921, p. 272, ch. 96, § 28; Rem. Comp. Stat., § 6340) [P. C. § 222]. Subdivision 7 of these rules reads as follows:

" 'Pedestrians on the public highways between the period from one-half hour after sunset to one-half hour before sunrise shall travel on and along the left side of said highway, and the pedestrians upon meeting an oncoming vehicle shall step off the traveled portion of the highway.' . . .

"The statutory enactments regulating traffic upon the public highways are made to be obeyed. They are the outgrowth of necessity. On the observance of them depends the safety of the users of such highways. Failure to obey them not only endangers the safety of the person guilty of the disobedience but it endangers the safety of others using them in a lawful manner. Courts, therefore, should not look lightly upon infractions of these regulations. One injured while in the act of disobedience of them should be compelled to show with clearness that his act in no way contributed to his injury."

In *Proper v. Brenner,* 191 Wash. 540, 71 P. (2d) 389, it appeared that the injured plaintiff was walking on the left side of the highway, but did not obey the law by stepping from the traveled portion of the highway. We affirmed the action of the trial court in granting

a judgment n. o. v., for the reason that plaintiff, as a matter of law, was guilty of contributory negligence.

Considering these cases together, we find our rule to be that a pedestrian, in circumstances similar to those which obtain in the case at bar, must obey the direction of the statute in order to escape the charge of contributory negligence.

It plainly appears from respondent's own testimony and from other undisputed facts of the case, not only that respondent was guilty of violation of a positive statute, but also that such violation was a substantial factor in producing the injuries. This being so, we are compelled to hold, as a matter of law, that respondent was guilty of contributory negligence and cannot recover.

"This court has generally held that the violation of a positive statute by an injured party which contributes to his injury, except in exceptional cases where there was some emergency, will be held, as a matter of law, to be the proximate cause of such injuries, barring recovery. *Twedt v. Seattle Taxicab Co.,* 121 Wash. 562, 210 Pac. 20; *Benson v. Anderson,* 129 Wash. 19, 223 Pac. 1063; *Linville Brothers v. Bliesner,* 133 Wash. 677, 234 Pac. 1019; *Millspaugh v. Alert Transfer & Storage Co.,* 145 Wash. 111, 259 Pac. 22; *Keller v. Breneman,* 153 Wash. 208, 279 Pac. 588, 67 A. L. R. 92; *Price v. Gabel,* 162 Wash. 275, 298 Pac. 444; *Walters v. Knox,* 165 Wash. 424, 5 P. (2d) 780." *Metcalf v. Mud Bay Logging Co.,* 170 Wash. 59, 15 P. (2d) 278.

Having reached this conclusion, we find it unnecessary to discuss or decide the other questions presented.

The judgment is reversed, with instructions to dismiss the action.

BLAKE, C. J., STEINERT, ROBINSON, and MILLARD, JJ., concur.