[No. 30663.   Department One.   January 7, 1949.]

## W. C. BARROW *et al., Respondents,* v. CONWAY CONSOLIDATED SCHOOL DISTRICT No. 317 OF SKAGIT COUNTY *et al.,* *Appellants.*[1]

*Booth & Fowler,* for appellants.

*James G. Smith,* for respondents.

MALLERY, C. J.—This is an appeal by the defendants from a judgment based on the verdict of the jury in a motor vehicle accident case.

[1] Reported in 201 P. (2d) 217.

At 8:15 a. m. on October 4, 1946, the respondent Barrow was driving south on U. S. highway No. 99 at a speed of thirty-five miles per hour. Four hundred sixty-five feet from the right-angle crossing of the highway with the Conway-McMurray highway is a standard highway department sign designating the intersection as a school crossing. Barrow had lived in the vicinity for fifty-six years and was familiar with it. By statute, the maximum speed limit for such crossings is fixed at twenty miles per hour on school days between the hours of eight a. m. and five p. m.

Barrow saw the school bus approaching the intersection from the east, on his left-hand side. He saw it stop at the arterial highway stop sign when he was two hundred feet away. He then looked to his right and did not look back again until he was forty or forty-five feet from the point of impact, when he applied his brakes and collided with the school bus, which had failed to yield him the right of way and had proceeded into the intersection. The terrain is level at the intersection, and both highways are straight. Nothing obscured the view of either driver.

■ The appellants concede the negligence of the school bus driver in failing to yield the right of way, although they make some contention that the rule of *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533, might be invoked in their behalf. This is academic, however, since the question of contributory negligence of the respondent Barrow, as a matter of law, is decisive of the case. The respondent's violation of a positive requirement of the statute as to speed was contributory negligence, as a matter of law, in the absence of pleading and proof of such peculiar facts as would justify the violation or negative it as a proximate cause of the injury. See *Johnson v. Heitman,* 88 Wash. 595, 153 Pac. 331; *Twedt v. Seattle Taxicab Co.,* 121 Wash. 562, 210 Pac. 20; *Benson v. Anderson,* 129 Wash. 19, 223 Pac. 1063; *Portland-Seattle Auto Freight v. Jones,* 15 Wn. (2d) 603, 131 P. (2d) 736.

■ Instead of justifying the violation of the statute, the respondents contend that they were not exceeding the speed

limit in driving at the rate of thirty-five miles per hour for the reason that the crossing was not properly marked, and hence the speed limit of the statute did not apply. They base this upon the contention that the intersection itself was neither marked on the pavement nor posted with a sign at its location. It may be that such markings placed at the intersection would be useful and proper, but they were not required by law, and we hold that the school crossing sign did not fail of its purpose for want of other and additional signs and warnings not required by law. The statutory speed limit applied to the school crossing.

The respondents make the further contention that, after Barrow had applied his brakes to make the emergency stop, his speed was reduced below twenty miles an hour at the instant of impact in the intersection, and hence he was not exceeding the speed limit in the intersection. We think this contention is unsound and, if allowed, would make a dangerous rule of law. One of the purposes of establishing speed limits is to facilitate timely stopping of a car when it becomes necessary, and to disregard the speed at the time the brakes are applied and fix it, for the purposes of determining liability, at the point of impact, would defeat the purpose of speed limit statutes.

The respondents contend that, because the school crossing sign on the highway was four hundred sixty-five feet from the intersection instead of the five hundred feet required by the law in effect at the time of the accident, "the duty under the statute does not arise." 3 Blashfield, Cyclopedia of Automobile Law & Practice (Perm. ed.), 153, § 1755, note 70. They cite *Fleahman v. Schenectady R. Co.*, 237 N. Y. 566, 143 N. E. 745, 206 App. Div. 542, 201 N. Y. Supp. 607.

Respondents were familiar with the crossing. The discrepancy was not material and did not destroy the intersection's character as a school crossing.

Some of appellants' assignments of error concern the instructions given to the jury. Since, however, no novel point of law is touched, and we are not remanding the case for a new trial, it is not necessary to discuss them.

The respondents were guilty of contributory negligence as a matter of law.

The judgment is reversed.

BEALS, STEINERT, and HILL, JJ., concur.
SIMPSON, J., concurs in the result.

---

February 25, 1949. Petition for rehearing denied.