Owen GOFF, Jr., by Owen Goff, Sr., his father and next friend, Plaintiff-Appellee,

v.

SEARS, ROEBUCK AND COMPANY, a corporation, Defendant-Appellant.

No. 12216.

United States Court of Appeals
Seventh Circuit.

July 14, 1958.

Rehearing Denied Aug. 26, 1958.

Robert B. Johnstone, L. H. Vogel, Chicago, Ill., for appellant.

Louis G. Davidson, Thomas J. Keating, Chicago, Ill., for appellee.

Before MAJOR, HASTINGS and PARKINSON, Circuit Judges.

HASTINGS, Circuit Judge.

Appellee brought this suit by his father and next friend to recover damages for personal injuries occasioned by the alleged negligence of a truck driver employed by appellant. This appeal is from a judgment entered by the trial court on a verdict of the jury assessing appellee's damages at $55,000. Appellant charges error in the trial court's denials of its motion for a directed verdict and of its motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. Errors additionally relied upon arise from various rulings on admission and exclusion of evidence and certain instructions to the jury by the trial court and from alleged improper conduct by opposing counsel during the trial.

The accident upon which this action is based occurred around midnight, June 19, 1953, just south of Cook, Indiana, on U. S. Highway No. 41. This highway consists, at that point, of two northbound lanes and two southbound lanes divided by a parkway forty feet wide at the scene of the accident. It was a clear dry night, and the highway was unlighted. Appellee was returning home from work at a filling station located on the east side of the highway. His home was on the west side of the highway about one mile south of the filling station. He customarily went to work and home again on foot, and on this particular night, he was wearing his work clothes, a green shirt and pants, and was walking south. He testified that for a distance he walked along the ground east of the two northbound lanes. He observed no northbound traffic and crossed those lanes to the center parkway. As he crossed, he saw the lights of two vehicles approaching from the north on the southbound lanes about a quarter of a mile back. When he neared the southbound lanes, the two vehicles were about 300 feet north of him traveling at a speed of forty miles per hour and he knew that they were trucks running side by side, one passing the other. He did not attempt to cross the west pavement but *turned his back* to the traffic and proceeded south at an "average pace." His own testimony placed him on the parkway about a foot east from the edge of the southbound lanes, and he stated that he walked only a few steps before he received a blow on the back of his head and arm which knocked him down onto the parkway.

Appellant's driver testified that as he came alongside the other truck in passing he saw "something" and "hit his brakes," (meaning, as he explained, that he pushed the brakes as hard as he could) and veered to the right, away from the "object." He testified further that this object he saw (presumably appellee) was about a foot on the pavement, right about even with his left front fender. When he was almost stopped, he stated, the other truck passed him. There was no collision between the trucks.

The driver of the other truck, testifying by deposition, confirmed some of the material features of appellant driver's testimony. He testified that he did not see a pedestrian prior to the accident, stating that "I never seen that person on the highway, never entered my mind." In response to a question as to what he did see, he answered: "Well, as I said before, he [appellant's truck driver] gets alongside of me and I could see who it was and everything, see it was a Sears

truck, and he was almost nose to nose and all of a sudden * * * he jammed his brakes and his wheels started squealing. At that time I shot out * * *." Once past appellant's truck, he testified that he could see from his rear view mirror that appellant's truck had pulled over onto the parkway.

Deputy Sheriff Peters of Lake County, who investigated the occurrence, received a call reporting the accident at 12:01 a. m. and arrived at the scene at approximately 12:19 a. m. On direct examination he testified that he saw no evidence of tire marks or skid marks on the pavement and that the only marks of the truck on the parkway were those within the immediate vicinity where it had finally pulled off the road. He stated that he checked the parkway back behind the truck for some 300 yards and could find no evidence of tire marks, that is, no evidence that the truck had gone off the road in hitting the boy. There were some tire marks in the parkway, but he could not trace them to any particular vehicle. He testified that when he arrived appellee had been taken away from the scene of the accident. On cross-examination Peters was questioned about statements he purportedly made prior to the trial before an attorney for appellant and a court reporter. He had no recollection of the purported statements which were to the effect that, when he arrived at the scene, appellee was lying on the ground suffering from shock but with no visible injuries; and that his investigation revealed "skid marks where the truck had been braked." He was asked further whether he had made the statement: "It did not appear that the truck that hit the boy went off the pavement at all," but this was objected to as a conclusion of the witness who did not see the accident take place. This objection was sustained, the question was stricken from the record and the jury was told to disregard it. (Appellant asserts this was prejudicial error.)

Appellant contends that there is no evidence establishing or tending to establish any negligence on the part of its driver, but rather that the evidence conclusively shows the accident was either caused, or contributed to, by appellee's own negligence in continuing to proceed along the highway with knowledge of the approach of the oncoming trucks and of his own obscurity due to his dark clothing, the fact that it was night and the highway was unlighted. For these reasons, it is argued, the trial court should have granted appellant's motion for directed verdict and its motion for judgment notwithstanding the verdict.

■ The question thus presented for our consideration is whether there is in the record any evidence which, together with all reasonable inferences to be drawn therefrom, tends to support plaintiff-appellee's case. Heller v. Select Lake City Theatre Operating Co., 7 Cir., 1951, 187 F.2d 649, 651. Appellee urges that there was ample evidence from which the jury could reasonably infer that he was in the exercise of due care for his own safety and that the accident was caused by appellant truck driver's negligence in swerving off the pavement while passing the other truck. The evidence, taken in the light most favorable to appellee, indicates that he was walking at night along an unilluminated highway, wearing dark clothing with his back to oncoming traffic and about a foot from the edge of the pavement. He was aware of the nearness of the oncoming trucks and also knew that one of them was proceeding in the lane nearest the parkway in which he was walking. There was no positive evidence that the truck swerved off the parkway; the witness for appellee, Deputy Sheriff Peters, testified simply that he found no tire marks which could be traced to any particular vehicle. Appellant's truck must have, even under appellant truck driver's version of the accident, veered close to the east edge of the twenty-four foot lane in passing the other truck. If the jury believed appellee's testimony that he was about a foot from the edge of the highway and, consequently, dis·-

believed the testimony of appellant's truck driver, who placed "the object" he saw about a foot on the pavement, then it could reasonably infer that appellant's truck driver negligently swerved off the roadway in striking appellee. Counsel for appellant, in oral argument, indicated that his case rested on the premise that appellee was on the pavement. Since there were conflicting versions, based on credible evidence, of the way in which the accident occurred, the trial court quite properly left it to the jury to determine the facts and any inferences to be drawn from them.

■ Appellant would have us hold that appellee was guilty of contributory negligence, as a matter of law, in walking one foot from the pavement (giving full weight to appellee's credible testimony) dressed as he was, on a clear night along a dark highway, and that, therefore, the case should not have gone to the jury. Appellant refers, in this connection to an Indiana statute providing that when there are no sidewalks, "any pedestrians walking along and upon a highway shall, when practicable, walk only on the left side of the roadway, or its shoulder, facing traffic, which may approach from the opposite direction." Burns' Ind.Ann.Stat. § 47-2035(c) (1952 Repl.). Assuming this statute is applicable to a pedestrian on a parkway, we have been cited to no cases in which Indiana courts have held a violation of this statute to constitute negligence *per se*. The rule appears to be that a violation of a statute would be actionable negligence only if the violation were the proximate cause of the resulting injury. Northern Indiana Transit, Inc., v. Burk, 1950, 228 Ind. 162, 171–172, 89 N.E.2d 905, 909, 17 A.L.R.2d 572 and cases cited therein. Appellant relies heavily on Keller v. Breneman, 1929, 153 Wash. 208, 279 P. 588, 67 A.L.R. 92 involving a similar statute in the State of Washington. There, the court held that "whatever may be the rule elsewhere, [in this state] it is negligence in itself to violate a positive rule of the statute." Id. 279 P. at page 590. To the contrary are decisions of the Illinois courts in construing a similar provision. Blumb v. Getz, 1937, 366 Ill. 273, 8 N.E.2d 620; Rowley v. Rust, 1940, 304 Ill.App. 364, 26 N.E.2d 520. Considering the manner in which appellee was dressed, the fact that it was night and the highway dark, it is a close question of fact whether or not (with due consideration to the duty of the driver to exercise reasonable care in keeping a lookout for pedestrians) appellee was guilty of contribute negligence that would bar his recovery. It was, nevertheless, a question of fact for the jury, Pfisterer v. Key, 1941, 218 Ind. 521, 531, 33 N.E.2d 330, 334, and we hold that the trial court did not err in submitting the case to the jury or in denying appellant's subsequent motion for a judgment notwithstanding the verdict.

■ When a question of fact is properly raised by the proof, as in this case, this court will not set aside a jury's findings absent prejudicial error in the trial court's interpretation of the law, or its instructions to the jury. MacDonald v. Milwaukee Mechanics' Insurance Co., 7 Cir., 1948, 167 F.2d 276, 277. Appellant contends, however, that the trial court committed such error in, among other things, giving plaintiff-appellee's instructions 15 and 16.

Plaintiff's instruction number 15, complained of by appellant, provided as follows:

"The court instructs you that there was in full force and effect on and prior to June 19, 1953, a statute of the State of Indiana which provided that every person driving or operating a motor vehicle shall slow down and give a timely signal with the horn or other device for signaling when approaching a pedestrian walking or standing upon the traveled part of any highway.

"If you find from the preponderance of the evidence and under the instructions of the court that the defendant operated its tractor and trailer in violation of the above and foregoing statute on the occasion in

question and that the defendant carelessly and negligently failed to slow down and to give such a timely signal when approaching the plaintiff, and that the plaintiff was then walking or standing upon the traveled part of highway U.S. 41; and that the plaintiff was then injured as a direct and proximate result of the defendant's negligence, if any, and if you further find from a preponderance of the evidence that at the time of the occurrence complained of and at all times prior thereto the plaintiff was in the exercise of ordinary care for his own safety, then you should find the defendant guilty."

■■ This instruction was objected to on the ground that there was no evidence in the case to indicate that defendant was under an obligation to sound a horn. *The testimony of appellee himself was that he was fully aware of the position of the approaching trucks a short distance from him.* The evidence further shows that appellee walked with his back to traffic in the night dressed in dark clothing. Under such circumstances it is more than a possibility that the truck driver would not have seen appellee in time to stop or give a signal even though he used such diligence in the exercise of reasonable care as would enable him to observe pedestrians on the highway. American Carloading Corp. v. Gary Trust & Savings Bank, 1940, 216 Ind. 649, 657, 25 N.E.2d 777, 781. It is difficult to see how, under such circumstances, there could have been any duty on the part of the driver to sound the warning. In the exercise of reasonable care, a driver may expect reciprocal conduct on the part of the pedestrian, American Carloading Corp. v. Gary Trust & Savings Bank, supra, 216 Ind. at page 658, 25 N.E.2d at page 781, and since the evidence shows that it was entirely possible the pedestrian's own conduct in placing himself in a position of danger was the proximate cause of the injury, the instruction to the jury was erroneous

in overemphasizing the duty of the driver *to slow down and give a timely signal.* Under the evidence in this case, this instruction should not have been given because, in effect, it shielded appellee against the appellant's sole contention that appellee was at fault in negligently walking on the highway. It did this by emphasizing the duty of the driver to all pedestrians standing or walking on the highway, while minimizing the duty of appellee to exercise due care for his own safety. The instruction is, moreover, peremptory in its terms, concluding with a mandate to the jury to find the appellant guilty if it should find that he was negligent in failing to sound a horn or slow down.

■ Plaintiff's instruction 16 also directed a finding of guilty if the jury should find under the court's instructions that the driver, by using his faculties, could and would have discovered appellee in time to avoid striking him and "that he negligently failed to do so, as charged in the plaintiff's complaint and as elsewhere set forth in these instructions." It is urged by appellant that by referring to the complaint and other instructions summarizing the pleadings, the court permits the assumption by the jury that there is evidence to support the charges. The instruction is, we believe, prejudicial when considered together with instruction 15.

As we have previously indicated this case turns upon a close question of liability which the trial court properly left for the jury to determine. Because of the closeness of the factual determination made, however, we do not see how the erroneous portions of the trial court's charge could other than have prejudiced the outcome. For this reason we hold that the trial court erred in not granting appellant's motion for a new trial. In light of our holding we need not consider the other errors urged by appellant.

The judgment of the district court is reversed, and this cause is remanded for a new trial.