DIEBOLD, ADMINISTRATOR, *v.* SHARP ET AL.

[No. 2,385.   Filed March 10, 1898.]

DEATH BY WRONGFUL ACT.—*Damages.*—*Recovery by Relatives of Deceased.*—Damages cannot be recovered for the death of an unmarried woman over twenty-one years of age by her administrator for the benefit of her father and brothers and sisters, where it is not shown that she was rendering services for any person for whose benefit the action was brought, or that either of such persons were dependent upon her in such a sense that any ascertainable pecuniary loss was occasioned by her death.

From the Allen Circuit Court.   *Affirmed.*

*J. M. Robinson, Henry Colerick* and *J. E. K. France,* for appellant.

*Zollars & Worden,* for appellees.

BLACK, J.—The appellant, administrator of the estate of Clara Diebold, deceased, sued the appellees, Carrie B. Sharp, Delphine B. Wells and the West-

Diebold, Administrator, *v.* Sharp *et al.*

minster Seminary Association, to recover for the death of the appellant's intestate caused by an explosion of gas in a closet of a school building wherein she was employed as a domestic.   There was a special verdict, in the formal alternative conclusion of which the jury assessed damages to the appellant in the sum of $2,500.00.   The court rendered judgment for the appellees.   The rulings upon the motions of the parties for judgment on the special verdict are presented alone for our consideration.   In the argument on behalf of the appellant, the only question discussed relates to the measure of damages in such an action for the death of one caused by the wrongful act or omission of another, brought by the personal representative of the former.

It appears from the special verdict that the appellant's intestate was between twenty-one and twenty-two years of age and unmarried, at the time of her death; that she left surviving her a father, two brothers and a sister, who were still living; that the expectation of life of the intestate was forty years; that she was a healthy and vigorous woman, capable of earning by labor five dollars per week; that she was working for the appellees Carrie B. Sharp and Delphine B. Wells, in the kitchen of a building owned by the appellee the Westminster Seminary Association, and occupied and used as a school building by said Sharp and Wells as lessees of said association, and that the intestate went into a certain closet in said building and struck a match, thereby causing an explosion which resulted in her death.   No other facts affecting the question of the amount of damages are found.

Though the burden of proof was upon the appellant, his counsel practically assume in argument that he was entitled to the rendition of judgment in his favor

upon the special verdict.   We could not reverse the action of the trial court and direct the entry of judgment in favor of the appellant, without examining the entire verdict, and concluding upon such examination that every material fact in support of such a judgment appears in the verdict.   If it should appear from the findings of the jury that the persons for whose benefit the action was brought were damaged substantially, as claimed by counsel for the appellant, the question would arise as to whether upon such a presentation of the cause by counsel, we should examine the verdict to ascertain if in other respects it shows the appellant to be entitled to recover.   This question we need not decide, inasmuch as we find ourselves unable to agree with the position taken by counsel for appellant upon the only question discussed by them.

The right to maintain a civil action for the death of a human being is purely statutory, and the proper basis for the assessment of damages in such an action must depend upon the legislative intent as found by a proper construction of the statutes.   Section 267, Burns' R. S. 1894 (266, Horner's R. S. 1897), provides: "A father (or in case of his death, or desertion of his family, or imprisonment, the mother) may maintain an action for the injury or death of a child, and a guardian for the injury or death of his ward.   But when the action is brought by the guardian for an injury to his ward, the damages shall inure to the benefit of his ward."   Section 285, Burns' R. S. 1894 (284, Horner's R. S. 1897), is as follows:   "When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury for the same act or omission.   The action must be commenced

within two years. The damages cannot exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

It is contended for the appellant, in effect, that under the facts shown in the special verdict, the appellant, suing for the benefit of the father, brothers, and sister of the intestate, was entitled to recover an amount equal to the value of her life.

In *Mayhew* v. *Burns*, 103 Ind. 328, reviewing former cases, which are not in all respects harmonious, it was said of said sections 267 and 285 Burns' R. S. 1894 (266 and 284, Horner's R. S. 1897), that the reasonable and natural interpretation of the language employed in the first section is to give the parent who sustains injury by the death of his child a remedy for such injury in his own right, while the latter gives to the widow or next of kin, through the personal representative, a right to recover for any injury which they may have sustained by reason of the death of an adult, or one emancipated from parental services, and in whose life they may have had a pecuniary interest. It was said that during the continuance of the relation of parent and child the action is in the parent entitled to the child's services; that this relation presumptively continues during the minority of the child, but if the relation continues after majority, the parent receiving support or service may nevertheless maintain the action, in which case the reasonable expectation of pecuniary advantage by the relation remaining may be taken into account and damages may be given for the probable pecuniary loss sustained by the parent; but that if the relation does not exist, the action is to be brought by the personal representative, regardless of the age of the deceased, provided

there are persons sustaining such relation as that they may be supposed to have sustained pecuniary injury on account of the death.

It was further said that where the wrongful act or omission occasions the death of an adult, or one not in the service of his parent, or in whose life a widow or next of kin may, on account of their relation or situation, have a pecuniary interest as such, the right of action is exclusively in the personal representative for their benefit. It was said further that under the first section the damages recoverable are arrived at from a consideration of the probable value of the child's services from the time of the injury until it would have attained its majority, taken in connection with its expectancy and prospects in life, less the probable cost of support and maintenance, added to this the expenses of care, attention, etc., made necessary by the injury, while under the second section the damages are to be considered in each case according to its circumtsances; that in assessing damages resulting to the wife, children or next of kin, the ability of the deceased to have provided for the support and education of those dependent upon him, the number and degree of kindred mentioned in the statute, and their dependence upon him for support, are important considerations; that although it is not necessary to the maintenance of the action for the next of kin that the deceased should have been under a legal.obligation to render them support, it is nevertheless of consequence that their relation and situation should be shown with a view of affording a basis upon which to determine the pecuniary loss sustained.

In *Louiville, etc., R. W. Co.* v. *Goodykoontz*, 119 Ind. 111, it is said in the usual clear and plain manner of Mitchell, J., "We know of no principle or precedent which sustains a recovery of damages for the death of

a human being, no matter how caused, simply for the purpose of enhancing the value of the decedent's estate. The action is given to afford compensation for those who have sustained pecuniary loss by the death, and not for the benefit of the decedent's estate. * * * Damages cannot be recovered for the death of a human being, except by or for the benefit of those who are supposed to have sustained a sensible and appreciable pecuniary loss therefrom. Pecuniary loss, not to the estate of the deceased person, but to those who had a reasonable expectation of pecuniary benefit, as of right, or of duty, or from a recognized sense of obligation, from the continuance of the life, is the foundation of the action."

In *Chicago, etc., R. R. Co.* v. *Branyan*, 10 Ind. App. 570, an action brought by an administrator for the death of a young man nineteen years of age, it was said: "There is evidence tending to prove that Simons was earning $2.25 per day; that he was in good health; that there were, at the time of his death, other members of the family younger than himself, toward whose support he had contributed to some extent at least, and that in favor of a sixteen year old sister he was carrying an accident policy of insurance for $2,000.00; that his mother was dead, but his father, who had manumitted or emancipated him was living." It was held that there was evidence authorizing a verdict for more than nominal damages. The court remarked that it is not necessary, in order to authorize a recovery in such case, that the next of kin should have a legal claim on the decedent, but said that it should be borne in mind that the administrator, as their representative, is entitled to recover only for the pecuniary value they would probably have derived, taking into account all contingencies and uncertainties, had his life not been terminated.

In *Louisville, etc., R. W. Co.* v. *Wright*, 134 Ind. 509, the court had occasion to discuss the subject of the measure of damages in an action brought by an administrator for the death of his intestate, who at the time of his death, was twenty-six years of age, was unmarried and left surviving him a father and mother as his only heirs at law. It was said to be plain that in such a case the measure of damages must be different from one where the deceased left a widow and children. It was said: "Here the deceased was under no legal obligation to support the next of kin for whose benefit this suit is prosecuted. In the course of nature, it is not probable that they would have survived him and thus become his heirs; nor can we presume that he would not have married. Their pecuniary loss, therefore, is not such as would have been sustained by a widow and children. For these reasons, we think it was error to instruct the jury that they should assess a sum of money equal to the amount the deceased would most probably have earned during the period of his life in which he would probably have earned money. As the pecuniary loss in cases where the deceased left no widow or children must, of necessity, depend upon the particular circumstances surrounding each case, it would be difficult, if not impossible, to lay down any general rule applicable to all cases." Counsel for the appellant admit that the case last mentioned supports the action of the trial court, but they contend that the doctrine of that case is not supported by good reason, and they are of the opinion that the case should be overruled. But, the decision not being antagonized by some later expression of the Supreme Court, it must be followed by this court. Besides, it is in harmony with the other cases which we have cited.

It appears in this verdict that the intestate was an

adult and unmarried.   At the time of her death she was not rendering service for any person shown to be of her kin, and it does not appear that she had in any manner contributed to any of the persons for whose benefit the action was brought, whether by rendering them service or providing for them out of her earnings or estate.   The verdict is silent even as to the ages of the relatives mentioned.   It is not shown that any one was at any time dependent upon her in such a sense that any ascertainable pecuniary loss was occasioned by her death.

In such a case substantial damages cannot be presumed and arbitrarily given.   Much latitude, doubtless, must be given to the discretion of the jury, but there must be some basis of fact upon which to predicate the finding of substantial pecuniary loss.   The mere existence of the relationship of parent or brother or sister to the intestate, in connection with her capacity to earn for herself a certain amount weekly and the probability that she would have lived for a certain period, cannot furnish a reasonable basis for the calculation of pecuniary loss to her kindred.   Whatever may be said of an action for the benefit of relatives dependent as a wife or child, the assessment of damages in a case like the one before us must proceed, not merely upon the pecuniary ability of the deceased, but rather upon the anticipations of pecuniary benefit which the surviving next of kin are shown to have had reasonable ground to indulge.

Whether or not, upon the facts stated in the verdict, the appellant was entitled to recover nominal damages, we need not decide, as we could not base the reversal of the judgment upon the determination of such a question.   The judgment is affirmed.