CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS
RAILWAY COMPANY v. DRUMM, ADMINISTRATOR.

[No. 4,686.    Filed March 10, 1904.]

DEATH BY WRONGFUL ACT.—*Action for Benefit of Next of Kin.—Presumption as to Pecuniary Loss.*—Where an action for death by wrongful act is brought for the benefit of the brothers and sisters and nephews and nieces of the decedent, the presumption that a pecuniary loss in some amount has been sustained does not obtain as in actions for the death of a husband and father brought for the benefit of the wife and children. *pp. 548, 549.*

DAMAGES.—*Instruction.—Death by Wrongful Act.*—An instruction in an action for death by wrongful act that "the jury may estimate such pecuniary damages from the facts proved, in connection with their own knowledge and experience which they are supposed to possess in common with the generality of mankind," is erroneous as informing the jury, in effect, that, in estimating the pecuniary damages, they may consider something in addition to the facts proved. *pp. 548, 549.*

SAME.—*Instruction.—Death by Wrongful Act.*—An instruction in an action for death by wrongful act, brought for the benefit of the brothers and sisters and nephews and nieces of decedent, that the jury in estimating the pecuniary loss might take into consideration the probable or even possible benefits which might result to the next of kin from the life of decedent is erroneous. *pp. 549, 550.*

From Delaware Circuit Court; *J. G. Leffler*, Judge.

Action by Enoch Drumm, administrator of the estate of Rachel Driscoll, deceased, against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*W. A. Thompson, W. H. Thompson* and *J. W. Ryan,* for appellant.

*G. H. Koons,* for appellee.

ROBINSON, J.—Appellee's decedent and her husband were killed in the same accident at a highway crossing. Appellee brings the statutory action, the damages to be recovered to inure to the benefit of the next of kin. Decedent left, as her next of kin, brothers and sisters and a niece and

nephews. The brothers and sisters, the youngest of whom is fifty-five years old, are married, settled in life, have homes of their own, and are the heads of families. The niece and nephews, children of a deceased sister of the decedent, lived with their father as a family, and had so lived since their mother's death. None of these next of kin depended upon decedent for pecuniary support or assistance.

The court gave, among other instructions, the following: "(11) The court instructs the jury that it is not necessary, in order to recover in this case, that the next of kin of the decedent, Rachel Driscoll, should have a legal claim on her, the said decedent, but that the administrator is entitled to recover. for them for the pecuniary loss to them, if any. The jury may estimate such pecuniary damages from the facts proved, in connection with their own knowledge and experience, which they are supposed to possess in common with the generality of mankind, but in no case could such damage exceeded $10,000. (12) The court instructs the jury that no precise rule for estimating the loss recoverable under this statute can be laid down. When the relation of the party whose death has been caused to those for whose benefit the suit is being prosecuted has been shown, and her obligation, if any, disposition, and ability to earn wages, or conduct business, and to care for, support, counsel, advise, and protect her next of kin, named in the complaint, the matter then is submitted to the judgment and sense of justice of the jury. In estimating the pecuniary value of Rachel Driscoll to her next of kin, the jury may take into consideration the probable or even possible benefits which might result to them from her life, modified, as in their estimation they should be, by all the chances of failure or misfortune."

It is not claimed that the decedent was under any legal obligation to support the next of kin for whose benefit this action was brought. The presumption that the wife and

children sustain a pecuniary loss in some amount by the death of the husband and father does not obtain in a case like that at bar. For determining the pecuniary loss in such cases as this, any general rule is not possible, but such loss must of necessity depend upon the particular facts and circumstances of each case. From these particular facts and circumstances, as disclosed by the evidence, the jury must determine the amount of recovery. And such facts and circumstances so proved will necessarily be given such value and weight as the knowledge and experience of the individual jurors determine they should have. The first of the above instructions tells the jury, in effect, that, in estimating the pecuniary damages, they may consider something in addition to the facts proved. The pecuniary injury resulting from the death to the next of kin is uncertain and indefinite, but it must be determined wholly from the facts and circumstances proved. The assessment of damages in such case "must proceed, not merely upon the pecuniary ability of the deceased, but rather upon the anticipations of pecuniary benefit which the surviving next of kin are shown to have had reasonable ground to indulge." *Diebold* v. *Sharp,* 19 Ind. App. 474; *Commercial Club* v. *Hilliker,* 20 Ind. App. 239; *Wabash R. Co.* v. *Cregan,* 23 Ind. App. 1; *Louisville, etc., R. Co.* v. *Wright,* 134 Ind. 509.

A part of the twelfth instruction is evidently based upon the following language of the court in *Louisville, etc., R. Co.* v. *Buck,* 116 Ind. 566, 2 L. R. A. 520, 9 Am. St. 883: "When the relation of the party, whose death has been caused, to those for whose benefit the suit is being prosecuted, has been shown, and his obligation, disposition and ability to earn wages or conduct business, and to care for, support, advise and protect those dependent upon him, the matter is then to be submitted to the judgment and sense of justice of the jury." Admitting, without deciding, that this language might be held to apply where the next of kin

were not dependent upon the decedent, yet the concluding part of the instruction is erroneous in informing the jury that, in estimating the pecuniary loss, they might take into consideration the probable or even possible benefits which might result to the next of kin from her life. The possible benefits which might result to the next of kin from the decedent's life would be altogether speculative. It has been held that a jury is not justified in basing its verdict upon "estimates of probabilities or chances," but in the instruction in question the jury is told it may consider possibilities. We have carefully considered the evidence upon this branch of the case, and from the relations that had existed between these next of kin and decedent for years prior to her death and at the time of her death, as disclosed by the evidence, we are not prepared to say that a correct conclusion was reached notwithstanding these erroneous instructions. *Commercial Club* v. *Hilliker, supra,*

The motion for a new trial should have been sustained. Judgment reversed.