AMERICAN CARLOADING CORPORATION *v.* GARY TRUST &
SAVINGS BANK, ADMINISTRATOR

[No. 27,373. Filed March 11, 1940.]

650

*Oscar B. Thiel* and *Ray C. Thomas,* both of Gary; and *William J. Reed,* of Knox, for appellant.

*Harry Long* and *John Ruberto,* both of Gary; and *Orville Nichols,* of Knox, for appellee.

TREMAIN, J.—This was an action by the appellee, administrator of the estate of Rose Garritano, deceased, by a complaint in one paragraph against the appellant for damages based upon the negligent operation of a motor truck. There was a trial by a jury which returned a verdict for the appellee in the sum of $8,000, and with its general verdict answered certain interrogatories submitted by the court. Appellant filed motions to strike out parts of the complaint and to separate the complaint into paragraphs, both of which were overruled. The issue was closed by an answer in general denial. Judgment was rendered upon the verdict and the appellant filed a motion for a new trial.

Error is predicated upon the ruling of the court in refusing to strike out parts of the complaint and separate the same into paragraphs, overruling the motion

for judgment on interrogatories notwithstanding the general verdict, and overruling its motion for a new trial, in which appellant asserts that the verdict is not sustained by the evidence and is contrary to law, that the damages assessed are excessive, that the court erred in admitting certain testimony of the son of the decedent, and in giving certain instructions tendered by appellee and in refusing to give those tendered by appellant.

It is alleged in the complaint that on the night of December 30, 1936, the appellant was the owner of a motor truck operated by one of its employees upon 5th Avenue in the city of Gary; that 5th Avenue extended in a general east and west direction; that about 15 minutes after midnight the appellant's motor truck was driven east at the high and dangerous rate of speed of 60 miles per hour; that at said time the decedent and her husband were walking east on the right-hand side of that portion of said avenue provided for eastbound traffic, and about 2 feet from the berm; that at the place of the injury, and for a long distance both east and west, 5th Avenue is provided with two lanes of traffic, each consisting of a cement pavement 20 feet wide; that a double street car track operated between the two lanes, and was 18 feet wide and unimproved; that at the place of the injury and for many blocks in each direction no sidewalks were provided for pedestrians, and was not in a built-up section of the city; that a berm on the south side of the traveled portion of the avenue was constructed of slag and coarse stone; that approximately 600 yards west of the place of the accident the highway is crossed by railroad tracks; that it is a much traveled thoroughfare; that at the time the defendant's employee carelessly and negligently failed to watch the road ahead or to heed the

fact that the decedent was walking east in front of the motor truck and in its immediate course; that the driver of the truck failed to slow down or to notify the decedent of its approach in any manner, either by sounding a horn or by giving any other signal or warning, but recklessly, carelessly, and unlawfully drove the same with great force and violence upon and against decedent, which resulted in her immediate death.

Several allegations of the complaint are by way of recital and state conclusions of the pleader which the appellant asked the court to strike out and reject for that reason. It is generally recognized that such allegations are not prejudicial, and the refusal of the court to sustain a motion to strike does not constitute reversible error. The sufficiency of the complaint was not tested by demurrer and would be sufficient without the objectionable allegations.

The appellant's motion to separate the complaint into paragraphs points out that it is charged: (1) The motor truck was operated at a high and dangerous rate of speed. (2) The defendant had no control of the motor truck because of the high and dangerous rate of speed. (3) The defendant carelessly and negligently failed to watch the road ahead of the motor truck. (4) The defendant failed to note the fact that the decedent was in the immediate course of the motor truck. (5) The defendant carelessly and negligently failed to slow the speed or to notify the pedestrian of its approach. The appellant asserts that each of the specifications purports to state a separate cause of action, and, therefore, the complaint should be in separate paragraphs. This court has always recognized that in personal injury cases the plaintiff may plead the several acts of negligence committed by the defendant in either a single or separate paragraphs.

And if several grounds of negligence are pleaded in a single paragraph, a judgment will be sustained if one of the grounds has been established by the evidence. *Knickerbocker Ice Co.* v. *Gray* (1908), 171 Ind. 395, 84 N. E. 341.

Appellant predicates error upon the refusal of the court to render judgment in its favor upon the interrogatories answered by the jury notwithstanding the general verdict. The jury's answers to the interrogatories gave the width of the paved street and the location of the decedent at the time she sustained the injuries, stated that she was walking upon the part of the highway reserved for eastbound traffic; that there was no evidence upon the subject of whether or not she looked for approaching traffic from the west or that she saw the truck approaching, but answered that she could have seen the truck approaching had she looked; that the truck was not traveling 60 miles per hour, but was traveling in excess of 25 miles per hour immediately prior to the accident; that the operator of the truck did not keep a lookout ahead of his truck; that decedent was in plain view of the driver at the time; that the driver could have stopped the truck and avoided the accident; that the defendant operated his truck carelessly and negligently at the time; that the decedent was on the right-hand or south portion of the pavement at the time of the injury and acted as a reasonably prudent person under the circumstances.

The appellant asserts that the answers to the interrogatories established contributory negligence upon the part of the decedent in failing to keep an outlook for approaching vehicles; that she was guilty of negligence as a matter of law in walking upon the one-way traffic lane in the nighttime and failing to heed approaching traffic from the rear; that the driver of the truck was

not required to discover the position of the appellee's decedent because he had a right to assume that the highway ahead of him was clear.

The appellant bases its argument in part upon the erroneous assumption that the jury answered that the decedent did not look for approaching trucks, whereas the answer to the interrogatories stated that there was no evidence upon the subject. Appellant predicates contributory negligence upon the part of the decedent by assuming that the answers of the jury to interrogatories disclosed that decedent failed to look for approaching vehicles, and that she was guilty of contributory negligence by walking on the traveled portion of the street.

The statute in this state prescribing the duties of a motorist in approaching a pedestrian walking on the traveled part of a highway provides that:

> "In approaching a pedestrian who is walking or standing upon the traveled part of any highway, and not upon a sidewalk, and upon approaching an intersecting highway or curve or a corner in a highway where the operator's view is obstructed, every person driving or operating a motor vehicle or motor-bicycle shall slow down and give a timely signal with the bell, horn or other device for signaling." Section 47-513, Burns' 1933, § 11166, Baldwin's 1934.

The burden was upon the appellant to establish by proper evidence the contributory negligence of the decedent. A search of the record fails to disclose such proof. The interrogatories answered by the jury are silent upon that subject. Those pertaining to contributory negligence were answered, "No evidence." Further, contributory negligence cannot be assumed as a matter of law from the fact that the decedent was walking upon the right side of the

traveled portion of the lane provided for traffic under the circumstances and conditions present. In this connection it must be noted that the answers of the jury to the interrogatories specifically stated that the operator of the truck did not look ahead for persons traveling upon the highway, that the decedent was in plain view of the driver, and that the driver could have stopped the truck in time to have avoided the accident. The general verdict of the jury in favor of the appellee amounts to a finding that the appellant was negligent and that the appellee's decedent was free from negligence. The answers of the jury to the interrogatories sustain the general finding rather than show any conflict therewith.

The courts generally recognize that the operator of a motor vehicle upon a public highway or street should anticipate the presence of a pedestrian lawfully using the highway and keep a proper outlook, and have his automobile under control in order to avoid a collision with another person using proper care, and under the statute cited it is the duty of the motorist to slow down and give timely warning of his approach. 5 Am. Jur. 615, Automobiles § 202; 93 A. L. R. 553.

The appellant contends that it was the duty of the decedent in traveling east upon the street at the time and place to have walked on the north or left-hand side of the lane provided for west traffic in order that she would be facing approaching automobiles, or appellant suggests that the decedent could have walked east on the berm of the highway. She might have occupied either of those positions but under the law she was not required to. The statute requires persons to travel on the right-hand side of

highways, and not upon the left-hand side. Coupled with this is the statute requiring the motorist to slow down and give timely warning. No statute requires a pedestrian to carry a light, but the law requires a pedestrian to use the care of an ordinarily prudent person under like circumstances. The rights and duties of the decedent and appellant to use the highway were reciprocal and should be exercised by each as not to injure the other. The appellant owed the decedent, walking along the highway, the duty to exercise reasonable and ordinary care to avoid injuring her.

This question is further discussed by the appellant under its motion for a new trial, on the assignment that the judgment is not sustained by sufficient evidence and is contrary to law. One material controverted fact is presented by the record. The driver of the motor truck testified, as recited by the appellant in its brief, pages 71 and 72:

"Appellant's driver says that the reason he did not see deceased was that a car had just passed him, pulled over in front of his truck and thus obscured his range of vision, and he did not see deceased until he was within 15 feet of her. The car preceding him swerved sharply to the left when it was about 25 feet ahead of his truck and appellant also swerved his truck sharply to the left but could not avoid the collision. The right head light and right fender of appellant's truck struck deceased. The driver testified that with unobscured vision, his headlights would light the road ahead for a distance of about 200 feet. The driver did not sound the horn for the reason that it was too late when he first saw deceased."

The testimony of the driver of the truck is contradicted by other testimony. One witness testified that 2 blocks west of the railroad crossing he had driven an automobile from a parking place on the north side of 5th Avenue, where he stopped expecting to turn east;

that he saw appellant's trucks (there were 2) approaching from the west; that he sat in his automobile and watched the trucks go by and then followed them from that point to the place of the accident 600 yards east of the railroad tracks; that, while he was waiting for the trucks to pass, no other automobiles passed east on the street, preceded the trucks, or passed him or the trucks while he was trailing them. This testimony is contradictory to that given by the driver, who testified that an automobile between him and the decedent obstructed his view; that the automobile had driven in front of the truck shortly before the accident; and that 3 or 4 automobiles passed to the east while the truck was slowly crossing the railroad tracks. He stated that he could have seen a person 200 feet ahead of the truck if his view had not been obstructed by the intervening automobile. He also stated that he was traveling only 25 miles per hour and that the brakes on the truck were in good working condition. He did not stop the truck until it was from 250 to 300 feet east of the accident.

In addition to this testimony a woman approached from the west in an automobile immediately after the accident. She testified that she was traveling from 45 to 50 miles per hour; that she saw a person in the highway stooping over some dark object; that she pulled to the left and saw the husband of the decedent stooping over the body of the decedent; that the lights of her car enabled her to observe objects 200 feet ahead.

Therefore, it became a question of fact for the jury to determine as to whether an automobile was between the truck and the decedent to obstruct the driver's view. The jury evidently believed the testimony of these disinterested witnesses and concluded that there was no obstruction between the driver of

the truck and the decedent. The jury answered an interrogatory to the effect that the driver did not keep a lookout ahead of his truck and that decedent was in plain view. Upon these facts it was proper to submit to the jury the question of the negligence of appellant and contributing negligence of decedent.

One ground relied upon for reversal is that the damages assessed by the jury are excessive. The decedent was a married woman 28 years of age residing with her husband and 2 children, ages 10 and 12 years respectively. She earned $12.50 per week by employment in a department store, which sum was contributed to household expenses, and did her own work, including cooking, washing, ironing, mending, and caring for the children. She was in good health and industrious, devoted to her family, and faithfully performed her duties as a wife and mother. The value of such services cannot be expressed in dollars and cents. The deprivation of the husband and children of her care, love and affection, and training and guidance of the children are elements of damages to be considered by the jury in arriving at a verdict. Under such circumstances it cannot be said as a matter of law that a verdict in the sum of $8,000 is excessive. *Jackson* v. *Record, Admr.* (1937), 211 Ind. 141, 5 N. E. (2d) 897.

The twelve-year-old son of the decedent was called as a witness to testify for the plaintiff. He detailed the many services performed by his mother in the home, and among other things stated that his mother kept their clothes clean and required the witness to wash his neck and ears; taught the children to say their prayers and prepared them for school. The appellant makes a general objection to

the testimony of this witness upon the ground that testimony of this character is calculated to arouse sympathy and prejudice, and such acts upon the part of the mother "have no pecuniary value whatever." The objection made to this testimony does not deserve consideration for the reason that an examination of the record discloses that objections were not made at the time the witness testified. The citation of authority is unnecessary to establish the proposition that objections to the admissibility of evidence cannot be made for the first time in a motion for a new trial or assigned as error upon appeal. None of the questions, answers, or objections is set out under the propositions and points assigning that error. Aside from this, it was entirely proper to establish in detail all of the services performed by the decedent for her family. Teaching the children to say their prayers may not have, as appellant says, a "pecuniary value," but the importance and necessity of religious training is recognized by civilized man everywhere, and courts do not undertake to estimate its value in terms of money. There was no error in introducing this evidence.

The appellant says that the court erred in giving to the jury appellee's tendered instruction No. 1, for the reason that the instruction assumes that appellant's driver could see ahead of his truck for a distance of 200 feet, and the only evidence on the subject is that the driver's view was obstructed by another automobile and that he could not see more than 25 feet. The appellant erroneously assumes the facts stated. The instruction told the jury that:

". . . if you find from the evidence that the driver of defendant's truck that struck the decedent . . . could have seen the decedent walking ahead of his truck for a distance of 200 feet. . . ."

The instruction leaves that question to be determined by the jury. As pointed out above, there was evidence from which the jury might find that the view was not obstructed, and this fact is specifically found by an answer to a special interrogatory. The court did not err in giving instruction No. 1.

The same objection is made to instruction No. 3, tendered by the appellee and given by the court. The objection assumes that the instruction told the jury that the driver's view was unobstructed. This assumption is not correct and the instruction is not erroneous.

The appellant introduced in evidence a city ordinance defining the use of sidewalks, crosswalks, and safety zones. By instruction No. 6, tendered by appellee and given by the court, the jury was told that the ordinance did not attempt to prohibit a pedestrian from walking longitudinally on the street, but applied solely to pedestrians crossing the street. As heretofore indicated there were no sidewalks on either side of 5th Avenue from the railroad crossing east for a distance of more than 3,000 feet, and there were no cross streets to the east for about 6 blocks. The statute above quoted (section 47-513, Burns' 1933, § 11166, Baldwin's 1934) authorizes the decedent to walk upon the right-hand side of the paved street. The court correctly interpreted the ordinance and did not commit error in giving this instruction.

The objection made to instruction No. 7, tendered by appellee and given by the court, is based upon the same grounds stated in the objection to instruction No. 1, and for the reasons there given is held to be harmless.

Appellant tendered instructions Nos. 1 and 3, both of which were refused by the court. Instruction No. 1

was peremptory and was properly refused. No. 3 told the jury that under the ordinance introduced by appellant the decedent was guilty of negligence in walking on the street at the time and place of the accident; that the ordinance prohibited such use of the street. The instruction is erroneous for the reason the ordinance does not so provide.

All other assignments of error have been waived by appellant. The evidence is sufficient to support the verdict of the jury. No reversible error is found in the record.

Judgment is affirmed.

NOTE.—Reported in 25 N. E. (2d) 777.