WYNN v. ASHBY.

[No. 18,942. Filed December 19, 1957. Rehearing denied January 27, 1958.]

*James D. Lopp,* of Evansville, for appellant.

*Benjamin E. Buente, Benjamin E. Buente, Jr.,* and *Buente & Buente,* all of Evansville, for appellee.

KELLEY, C. J.—First Avenue is a public highway extending to the north and beyond the city limits of Evansville, Indiana. On and prior to December 29, 1954 an unfilled excavation or ditch for gas lines existed along and parallel with the east side of said First Avenue immediately next to the black-top pavement of said highway. A short distance north of the city limits of Evansville, said First Avenue is intersected by an east-west highway designated as Avon Avenue. At or about this point, First Avenue is twenty-two and one-half feet wide. A pathway ran along the east side of said ditch and from said Avon Avenue on south toward the said city limits of Evansville said pathway on said date was impassable because of the dirt and other material accumulated thereon, apparently as a result of the digging of the ditch. On the date aforesaid it rained "real hard" in the area referred to and the avenue "was in a terrible condition"; at about 5:00 P.M., and shortly thereafter, on said day, it was "misty rain" and "dusky dark." At said time lighted flare pots were stationed along said east side of First Avenue next to said excavation and there were no street lights along said Avenue.

At about 5:00 P.M. of said date, appellee, then wearing blue trousers, brown coat and a green topcoat, left a grocery store, located on the east side of said First Avenue and north of said intersection with Avon Avenue, and proceeded on foot south along and on the east side of said First Avenue to said Avon Avenue; at said intersection, he proceeded to the west across said First Avenue after first looking in both directions, north and south, and seeing no vehicle approaching from either direction. Appellee remembered going across the street but remembered nothing thereafter until he regained consciousness in the hospital. It developed that appellee on said occasion and at said time was struck by an automobile driven and operated by the appellant.

Appellee filed an action against appellant for damages for his personal injuries allegedly sustained by reason of the negligent operation of said automobile by appellant. Appellee's complaint, in substance, charged appellant with the following acts of negligence:

A. Driving said automobile at an unlawful rate of speed, to-wit: thirty-five (35) miles per hour.

B. Under existing weather and visibility conditions and the excavation and the road condition by reason of said rain and excavation, appellant drove said automobile at a dangerous rate of speed (35 miles per hour).

C. Appellant failed to keep and maintain a lookout for pedestrians properly and lawfully using said highway, including appellee.

D. Appellant failed to have and keep his automobile under control so as to be able to bring it to a stop in order to avoid collision with others lawfully using said highway.

E. Appellant failed to apply his brakes in time to avoid striking appellee.

F. Appellant failed to slow the speed of his automobile or notify plaintiff in any manner of his approach.

Appellee's evidence, other than the medical testimony, consisted of the operator of the grocery store, who knew nothing of the circumstances of the accident, the appellee himself, who had no memory of the accident, did not see appellant's automobile, and did not know whether he was in the highway or on the "berm" at the time he was struck, and the appellant. The only evidence as to the circumstances of the accident came from the appellant and his passenger, Thomas E. Brown, who was seated with appellant in the front seat of the automobile.

The court found for appellee and rendered judgment for damages in his favor against appellant. The latter complains that there was no evidence to support any of said charged acts of negligence.

There is evidence that First Avenue roadway was blacktop with no center line; said highway was a well-traveled road sparsely populated at the area of the accident, but sufficiently close to the city (Evansville) as not to be termed a country road; appellant was acquainted with the road's condition and entered the highway three blocks north of the scene of the accident and proceeded south thereon; that the road was wet and it was raining; that it was "awfully dark" and appellant was driving from 20 to 30 miles per hour with the headlights on dim; that appellee could see down the highway a distance of 300 to 400 yards, while appellant said he couldn't see very far because "there was some cars coming toward me and a couple of them had their bright lights on, it was pitch dark"; that with the dim lights "you could see some where around twenty-five (25) feet"; that appellant's car was in the road at all times and was not "traveling close to the edge of the road"; that prior to the collision appellee was not seen by appellant or his passenger and there "wasn't but a split second before I (appellant) seen

him and hit him"; that appellee was struck by that part of appellant's automobile described as between the headlight and the edge of the right front fender; that the point of impact was "ten feet or so south of the intersection from Avon Avenue"; that appellant "hit his brakes just slightly before we hit him" and it "Didn't take too long after I applied my brakes to stop."

Obviously, the record here presents one of those cases in which reasonable men could have reasonably drawn different conclusions. If the court adopted appellee's testimony that he could see down the highway a distance of from 300 to 400 yards (900 to 1200 feet) on that dark, rainy night, then perforce he must have rejected the appellant's evidence that he couldn't see "very far" and "around twenty-five feet" with the dim lights. From this, together with the evidence of the condition of the weather and the road and the inference that the impassability of the pathway south of Avon Avenue compelled pedestrians to use the west side of First Avenue from Avon Avenue south, the court could have concluded that under such circumstances appellant did not keep and maintain a proper lookout for pedestrians properly and lawfully (by reason of the road condition) using the highway and that such negligence contributed proximately to appellee's injury. That appellant failed to keep and maintain a lookout for pedestrians lawfully using the highway is one of the acts of negligence charged in the complaint. Although appellee said that he did not remember whether or not he was in the highway at the time he was struck, appellant's testimony and the other pertinent evidence in the record was sufficient to place him there. Appellant was acquainted with the existing conditions of the road and was chargeable with the knowledge that

the presence of pedestrians on the highway was to be anticipated.

> "The courts generally recognize that the operator of a motor vehicle upon a public highway or street should anticipate the presence of a pedestrian lawfully using the highway and keep a proper outlook, and have his automobile under control in order to avoid a collision with another person using proper care, and under the statute cited (now Sec. 47-2034, Burns' 1952 Replacement) it is the duty of the motorist to slow down and give timely warning of his approach." *American Carloading Corporation* v. *Gary Trust & Savings Bank, Administrator* (1940), 216 Ind. 649, 657, 25 N. E. 2d 777.

The weather, road, and atmospheric conditions were such as to cast upon appellant the duty of exercising due care under the prevailing circumstances. Whether he exercised such care was for the determination of the court upon all the evidence before him. Nor does the fact that appellee was attired in dark clothing and hence, under the atmospheric and weather conditions, may have presented an object difficult to see, warrant us to arrive at a conclusion different from that reached by the court. There is no contention by appellant of contributory negligence on the part of the appellee and, even so, we think it was still the province of the court to determine such matter.

Further, the court could have rejected appellee's testimony as to the visual distance and adopted that of appellant and his passenger and could have concluded therefrom that the weather, the condition of the highway, the reflection of the headlights of approaching automobiles (as testified to by appellant), the limited visibility, as narrated by appellant and his passenger, the dim headlights of appellant's automobile, and the probability of the presence of pedestrians on the west part of the highway by reason of the im-

passable route on the east side of the highway, created a situation of potential, if not actual, hazard sufficient to render appellant's speed of thirty (30) miles per hour greater than was then reasonable and prudent. And under such circumstances, the court could have found and concluded that appellee's injuries proximately resulted from a violation by appellant of the speed regulations of this state as found in Sec. 47-2004(a), Burns' 1952 Replacement, namely:

"No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so restricted as may be necessary to avoid colliding with any person, or vehicle or other conveyance on or near, or entering the highway in compliance with legal requirements and with the duty of all persons to use due care."

Again it may be said that whether appellant exercised the due care required of him "under the conditions and having regard to the actual and potential hazards then existing" was for the determination of the court upon all the evidence. Driving at 'a dangerous rate of speed under the stated conditions was a charge of negligence contained in appellee's complaint.

Further exploration of the evidence with reference to other acts of negligence alleged in the complaint seems unnecessary in view of our previously expressed opinion as to two of the negligence specifications.

Appellant has not established any error in the court and we think there was sufficient evidence to sustain its decision.

Judgment affirmed.

NOTE.—Reported in 146 N. E. 2d 561.