ED WIERSMA TRUCKING COMPANY,
John Carter, Appellant–Defendants,

v.

Joanna PFAFF, As Personal Repre-
sentative of the Estate of Dallis
Pfaff, Appellee–Plaintiff,

and

State of Indiana, Appellee–Defendant.

No. 73A01–9404–CV–104.

Court of Appeals of Indiana,
First District.

Nov. 22, 1994.

Jon D. Krahulik, Karl L. Mulvaney, Pat-
rick A. Elward, Nana Quay–Smith, Bingham,
Summers Welsh & Spilman, Indianapolis, for
Ed Wiersma Trucking Co. and John Carter.

Norman T. Funk, Donald D. Levenhagen,
Hill, Fulwider, McDowell, Funk & Matthews,
Indianapolis, for Indiana Defense Lawyers.

W.F. Conour, Daniel J. Mages, Conour &
Doehrman, Indianapolis, for Joanna Pfaff.

*OPINION*

BAKER, Judge.

May a dependent next of kin recover for
damages for loss of love, care and affection in
a wrongful death action? Appellant-defen-
dant Ed Wiersma Trucking Company and
John Carter (collectively "Wiersma Truck-
ing"), joined by Amicus Curiae Indiana De-
fense Lawyers Association, attack the trial
court's denial of their motion for partial sum-

mary judgment which contended that appellee-plaintiff Joanna Pfaff, as the personal representative of the Estate of Dallis Pfaff ("Estate"), could not recover emotional damages in her action for the wrongful death of her daughter, Dallis.

## FACTS

On November 16, 1989, Carter, a truck driver for Wiersma Trucking, drove an empty highboy trailer from Shelbyville to Bloomington to pick up a load of lumber. As Carter proceeded westbound on State Road 44, he came to a bend in the road where he encountered Dallis driving eastbound. Dallis' car passed the truck's cab at the center of the curve; however, the truck's trailer and Dallis' car collided, killing Dallis. The parties dispute which side of the road the collision took place.

Dallis was twenty years old at the time of her death and had lived with her mother, Joanna. Dallis worked as a receptionist for Days Inn and part-time at a grocery store. Joanna claims that due to a health condition, she was not able to support herself; therefore, Dallis, along with her other siblings, supported her. After the accident, the Estate filed a wrongful death claim against Wiersma Trucking, and alleged as part of its damages Joanna's loss of the acts of love, care and affection of her daughter Dallis.[1] The Estate claimed these damages asserting that Dallis supported Joanna, and thus, Joanna was a dependent next of kin under the Wrongful Death Statute ("Statute"), IND. CODE § 34-1-1-2.

On October 9, 1993, Wiersma Trucking moved for partial summary judgment to prevent the Estate from recovering emotional damages. After a hearing the trial court denied Wiersma Trucking's motion. Wiersma Trucking then petitioned the trial court for certification of this issue for interlocutory appeal, which was granted by the trial court and accepted by this court. We also permitted the IDLA to file an amicus curiae brief in support of Wiersma Trucking's position.

## DISCUSSION AND DECISION

When reviewing the denial of a motion for summary judgment, we apply the same standard as the trial court. *City of Evansville v. Moore* (1990), Ind., 563 N.E.2d 113, 114. Summary judgment is proper only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* Here the parties do not dispute any material facts required to determine this appeal. For purposes of summary judgment only, Wiersma Trucking concedes Joanna's dependency and next of kin status. Thus, our review is confined solely to a question of law: whether the Statute allows a dependent next of kin to recover damages for loss of acts of love, care and affection.

The Statute states in relevant part:

When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefore against the latter ... and the *damages shall be in such an amount as may be determined by the court or jury, including, but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission.* That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expenses shall inure to the exclusive benefit of the decedent's estate for the payment thereof. The remainder of the damages, if any, shall, subject to the provisions of this article, inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, to be distributed in the same manner as the personal property of the deceased.... [W]hen such decedent leaves no such widow, widower, or dependent children, or dependent next of kin, surviving him or her, the measure of damages to be recovered shall be the total of the necessary and reasonable value of such hospitalization or hospital services, medical and surgical ser-

---

1. In addition, the State of Indiana has been added by Wiersma Trucking as a non-party defendant for the failure to maintain or place traffic control devices warning motorists of a dangerous section on a state road. However, the State is not participating in this appeal.

vices, such funeral expenses, and such cost and expenses of administration, including attorney fees.

I.C. § 34-1-1-2 (emphasis added).

■ Actions for wrongful death are purely statutory in Indiana. At common law, there was no liability in tort for killing another because actions for personal injury did not survive the death of the injured party. Note, *Wrongful Death Actions in Indiana*, 134 Ind.L.J. 108 (1958). This inequity was rectified in 1846 in England with the enactment of Lord Campbell's Act. 9 & 10 Vict., c. 93 (1846). In 1852, Indiana passed the predecessor statute to the one governing this case, which permitted the personal representative of the deceased to maintain an action for his wrongful death, although damages were limited to $5,000. 2 Ind.Rev.Stat., ch. 47, art. 46, § 784 (1852). The legislature subsequently revised the statute to increase the limit on damages to $10,000. 1881 Ind.Acts Spec.Sess., ch. 38, § 8, 241. Under both statutes, the damages recovered inured to the benefit of the widow or widower and children, if any, or the next of kin.

The Statute was amended again in 1933. The legislature expressly added to the proviso the requirement of dependency in relation to the decedent's children and next of kin. *Thomas v. Eads* (1980), Ind.App., 400 N.E.2d 778, 782. In addition, the legislature added a third class of beneficiaries, death creditors, which were allowed to recover reasonable medical services, funeral expenses and cost of administration of the decedent's estate even if no other beneficiaries survived the decedent. 1933 Ind.Acts, ch. 112, § 1, 708. The Statute was also amended in 1937, 1949, 1951, and 1957 to provide for increases in the limits on recovery.

In 1965, the Statute was substantially revised to its present form. The current Statute envisions three classes of beneficiaries. The first class includes spouses and dependent children, the second includes all other dependent next of kin, and the third includes death creditors. Furthermore, the Statute provides that the personal representative is the proper party to maintain an action for damages for the benefit of the estate beneficiaries. The portion of damages for the med-

ical, hospital, funeral and burial expenses inure to the estate for the payment of these expenses of the decedent's last illness and death. *Thomas*, 400 N.E.2d at 782. The remainder of the damages inure to the exclusive benefit of the decedent's spouse and dependent children, if any, or to the dependent next of kin. *Id.*

■ Because wrongful death actions are purely creatures of statute, they are strictly construed. *Southlake Limousine & Coach, Inc. v. Brock* (1991), Ind.App., 578 N.E.2d 677, 679, *trans. denied.* Therefore, only those damages prescribed by the Statute may be recovered. *Id.* Pecuniary loss is the foundation of a wrongful death action, and the damages are limited to the pecuniary loss suffered by those for whose benefit the action may be maintained. *Id.; Andis v. Hawkins* (1986), Ind.App., 489 N.E.2d 78, 81, *trans. denied.* Pecuniary loss can be determined, in part, from the assistance that the decedent would have provided through money, services, or other material benefits. *Southlake Limousine*, 578 N.E.2d at 679. Our courts have also allowed the first class of beneficiaries under the Statute—spouses and dependent children—to recover emotional damages. For example, the decedent's spouse may recover damages for the loss of care, love and affection, *Id.; Dunkelbarger Constr. Co. v. Watts* (1986), Ind.App., 488 N.E.2d 355, 359, the decedent's minor children may recover for loss of parental training and guidance, *Andis*, 489 N.E.2d at 82, (citing *Richmond Gas Corp. v. Reeves* (1973), 158 Ind.App. 338, 302 N.E.2d 795), and the minor children may recover for the loss of their parent's care, *Thomas v. S.H. Pawley Lumber Co.* (7th Cir.1962), 303 F.2d 604. However, whether the Statute allows emotional damages suffered by those in the second class, dependent next of kin, is a question of first impression before our courts.

■ Notwithstanding the allowance of emotional damages for the first class of beneficiaries, Wiersma Trucking contends that the legislature did not intend for the second class to be similarly treated. In support of its argument, Wiersma Trucking and the amicus curiae rely upon *Miller v. Mayberry*

(1987), Ind., 506 N.E.2d 7, concerning Indiana's Children's Wrongful Death Statute ("Children's Statute"), IND.CODE § 34–1–1–8. The Children's Statute recognizes an action by the parents to recover for the death of a minor child.[2] In *Miller,* our supreme court addressed the question of whether the Children's Statute allowed recovery for emotional damages. *Miller,* 506 N.E.2d 7. There, the court held that case law severely restricted the damages recoverable under the Children's Statute such that loss of love and affection, mutual society and companionship were not proper damages. *Id.* at 11. Furthermore, the court noted that the failure of the legislature to change the Children's Statute after a line of decisions amounted to an acquiescence by the legislature of the construction the courts had given the Children's Statute. *Id.* The *Miller* court also stated that any change in the pecuniary loss rule affecting the Children's Statute must come from the legislature. *Id.* We note that in the wake of *Miller,* decided April 8, 1987, our legislature immediately amended the Children's Statute to expressly allow recovery for the loss of a child's love and companionship. I.C. § 34–1–1–8(e)(2) (May 8, 1987).

We do not find *Miller* to be controlling here because the two statutes contemplate different and distinct actions. An action under the Children's Statute is based upon the pecuniary loss a parent suffers from the death of a minor child and is viewed in the law as a property right. *Siebeking v. Ford* (1958), 128 Ind.App. 475, 497, 148 N.E.2d 194, 206. In such an action, the parent is entitled to recover only for the pecuniary injury: the proper measure of damages being the value of the child's services from the time of injury until the child would have attained majority. *Id.* at 497–98, 148 N.E.2d at 207.

On the other hand, the action by a dependent next of kin for injuries sustained from the death of an adult or emancipated child under the Statute is grounded upon a pecuniary interest in the life of the decedent and not on a property right. *Id.* at 497, 148 N.E.2d at 207. The rule of damages limiting

recovery for the death of a minor child is not applicable in a wrongful death action for the death of an adult child. *Louisville, N.A. & C. Ry. Co. v. Wright* (1893), 134 Ind. 509, 34 N.E. 314; *Diebold v. Sharpe* (1898), 19 Ind. App. 474, 49 N.E. 837, 838–39. Under the Statute, damages are considered in each case according to its circumstances, with some important considerations being the deceased's support and education of the next of kin. *Diebold,* at 480–81, 49 N.E. at 838 (no error to deny damages to estate of an adult child where no evidence that decedent rendered any services to any kin or that she contributed services or earnings to her kin; thus, no showing kin dependent upon decedent to sustain damages for pecuniary loss). *Miller* is inapposite to the present case since the Children's Statute provides a separate, distinct, and independent action from a wrongful death action under the Statute. *See Andis,* 489 N.E.2d at 82.

Wiersma Trucking next suggests that the legislature's failure to amend the Statute when it amended the Children's Statute is a clear indication of legislative intent to not extend recovery for loss of love, care and affection to dependent next of kin. *See* Appellant's Brief at 22. Since we have found the statutes to be disjunctive, we do not consider this suggestion.

Lastly, Wiersma Trucking and the amicus curiae cite policy reasons to deny the recovery of emotional damages to dependent next of kin. They observe that the loss of a family member's love, care and affection are intangible losses that can never be wholly compensated by money. They also denounce a jury's ability to award damages for emotional losses since the nature of the loss makes quantifying these damages difficult. Lastly, they state their concern about the possibility of increased litigation and rise of insurance premiums if these damages are permitted. We do not find these reasons persuasive in light of the fact that the same hurdles are inherent in the assessment of emotional damages for the loss of love, care and affection of a spouse or parent. Thus,

**2.** Peculiarly, Wiersma Trucking concedes that Joanna does not have a cause of action under the Children's Statute; yet, it relies heavily upon a case solely concerning the Children's Statute in support of its argument regarding the Statute. Nonetheless, we address its argument.

we reject these artificial distinctions. Moreover, a next of kin has an additional obstacle in collecting these damages. One must prove dependency. This additional element quells some of the fears stated by Wiersma Trucking and amicus curiae.

The law has long recognized recovery for emotional damages for spouses and dependent children. *American Carloading Corp. v. Gary Trust & Sav. Bank* (1940), 216 Ind. 649, 25 N.E.2d 777, 782; *Richmond Gas,* 158 Ind.App. 338, 302 N.E.2d 795; *Dillon v. Glover* (1992), Ind.App., 597 N.E.2d 971, *trans. denied.* It would be arbitrary to refuse to extend recovery of pecuniary damages as inclusive of emotional damages for loss of love, care and affection to the dependent next of kin under the same Statute. On remand, if Joanna can establish that she qualifies as a dependent next of kin, she is entitled to recover the full measure of damages in the same manner and extent as the other beneficiaries in the Statute. The Statute does not hint that the different classes justify disparate treatment. We will not draw the line to discriminate between the first class and second class of beneficiaries in the Statute; such is the prerogative of the legislature.

We hold that the Statute allows a dependent next of kin to recover for loss of acts of love, care, and affection. The trial court correctly denied Wiersma Trucking's motion for partial summary judgment. We remand for further proceedings to determine the issues of liability, including dependency, and damages.

Affirmed and remanded.

ROBERTSON and SHARPNACK, JJ., concur.