Nicholas MANCZUNSKI, Christina Manczunski, and Jason Ward, Individually and as Co–Personal Representatives of the Estate of Emily Manczunski, deceased, Appellants–Plaintiffs,

v.

Samuel FRYE, Jr., and Winchester Transportation, Appellees–Defendants.

No. 46A03–9707–CV–249.

Court of Appeals of Indiana.

Dec. 19, 1997.

Daniel H. Pfeifer, Jeffrey J. Stesiak, Sweeney, Pfeifer & Morgan, South Bend, for Appellants–Plaintiffs.

R. Kent Rowe, III, Marie Anne Hendrie, Rowe & Rowe, South Bend, for Appellees–Defendants.

## OPINION

STATON, Judge.

Jason Ward appeals the trial court's entry of summary judgment against him on his

---

wrongful death claim for the death of his fiancée. Ward's fiancée was killed in an automobile accident. The trial court ruled that Ward did not fall within the class of individuals entitled to bring a wrongful death claim under Indiana Code § 34–1–1–2 (1988). Ward presents one issue on appeal: whether IC 34–1–1–2 allows a fiancé to recover for the death of his betrothed.

We affirm.

 Wrongful death actions are purely statutory in Indiana. *Ed Wiersma Trucking Co. v. Pfaff,* 643 N.E.2d 909, 911 (Ind.Ct.App. 1994), *adopted on transfer, Ed Wiersma Trucking Co. v. Pfaff,* 678 N.E.2d 110 (Ind. 1997). At common law, there was no tort liability for killing a person. *Id.* "Because wrongful death actions are purely creatures of statute, they are strictly construed. Therefore, only those damages prescribed by the Statute may be recovered." (Citations omitted.) *Id.* IC 34–1–1–2 does not prescribe that a fiancé may recover damages, stating in relevant part:

> That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense shall inure to the exclusive benefit of the decedent's estate for the payment thereof. The remainder of the damages, if any, shall, subject to the provisions of this article, inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, to be distributed in the same manner as the personal property of the deceased.

Ward did not provide medical or funeral services to the decedent, was not a dependent child or next of kin of the decedent, and was not the decedent's widower. The wrongful death statute does not prescribe that damages may be recovered by a fiancé. Therefore Ward does not have a cause of action for the death of his fiancée under IC 34–1–1–2.

Ward acknowledges that IC 34–1–1–2 does not allow a cause of action to a fiancé, but he argues that "under the totality of the circumstances in this case" he should be entitled to bring suit. Appellant's brief at 10. The circumstances are that Ward and the decedent had lived together for two years, had received a marriage license, and were going to marry in six days.

■ The circumstance that Ward and his fiancée had lived together for two years is not legally significant. In Indiana, there can be no common law marriage unless it was entered into before 1958. IND. CODE § 31–7–6–5 (1993), *recodified at* IND. CODE § 31–11–8–5 (Supp.1997). Even the law governing common law marriage holds that cohabitation does not equate to marriage. *Anderson v. Anderson,* 235 Ind. 113, 131 N.E.2d 301, 306 (1956). As to the scheduled wedding, it serves only to emphasize the fact that they were not yet married. The statute and precedent are clear; a fiancé has no cause of action under IC 34–1–1–2.

Affirmed.

HOFFMAN and NAJAM, JJ., concur.